Reavis v. Barnes.

REAVIS v. BARNES.

1. LANDLORD'S LIEN: *His remedy against purchaser of tenant's crop.*
  A landlord can not maintain an action for money had and received to his use, against one who has purchased and sold his tenant's crop with knowledge that his rent was due and unpaid. His remedy, if any, is by specific attachment while the crop is in the purchaser's hands, or by bill in equity after the sale, to have the proceeds appropriated to pay ment of his rents.

ERROR to *Nevada* Circuit Court.

Hon. J. K. YOUNG, Circuit Judge.

REPORTER'S STATEMENT.

Reavis rented land to Kirby for the year 1877, for the sum of $68, on which Kirby made a crop and in the fall, gathered the cotton and sold and delivered it to Barnes in part satisfaction of a mortgage he had given him upon it. Barnes shipped and sold the cotton for more than $68, and applied the proceeds to the mortgage, which they were insufficient to pay. He knew when he purchased and received the cotton that Reavis' rent was due and unpaid. Reavis finding no other means out of which to collect his rent, sued Barnes before a justice of the peace for the $68 as money had and received to and for his use, for cotton on which he claimed a landlord's lien for rent.

The finding and judgment in the justice's court were for the plaintiff, and the defendant appealed to the circuit

court, where the finding and judgment were for the defendant; and the plaintiff, after motion for new trial overruled, filed his bill of exceptions and brought error.

*Smoote & McRae*, for appellants:

For general principles to sustain the action, cited *Greenleaf on Ev.*, secs. 117, 118, 120; *Chitty on Con.* (9 *Am. ed.*), pp. 526, 527; *Levender v. Hall*, (*Ala*).

The appellee:

Cited *Puckett v. Read*, 31 *Ark.*, 131; *Gantt's Digest, sec.* 4098, *et seq.*, 4103.

Should have pursued statutory lien by statutory method. 21 *Ark.*, 545 ; 3 *Par. on Con.*, 276 (*6th ed*).

HARRISON, J.   Although the defendant when he bought the cotton from Kirby may have known of the plaintiff's lien for rent, the property in it passed to him, and the money for which he sold it, as a matter of course, belonged to him.

The ground of the action for money had and received by the defendant for the use of the plaintiff is, that the defendant had received money for the benefit of the plaintiff under such circumstances as to create a privity of contract between him and the plaintiff. *2 Chit. Con , 899.*

Had the cotton been tortiously taken, the money for which the defendant sold it, would have been received by him for the use of Kirby, and not for the plaintiff.

The plaintiff's only remedy against the defendant, if under the circumstances he was entitled to any, was by specific attachment whilst it remained in the defendant's possession, or after the sale of it, by suit in equity for the payment of the rent out of the proceeds.

The judgment is affirmed.