## KNOX v. HELLUMS.

1. PRACTICE: *Exceptions ; Motion for new trial.*
   Exceptions to the rulings of the court in excluding testimony are considered abandoned unless the rulings are made grounds for new trial.

2. REPLEVIN: *Evidence of title ; Possession.*
   In an action for the conversion of personal property, the mere facts of lawful possession in plaintiff, and wrongful taking by the defendant, are sufficient. Proof of the transfer by which the plaintiff acquired title is unnecessary. The possession is presumed lawful until the contrary appears.

3. SAME: *Landlord's Lien.*
   A landlord's lien will not sustain replevin for the crop. He must enforce it by attachment or bill in equity.

APPEAL from *Lincoln* Circuit Court.

Hon. X. J. PINDALL, Circuit Judge.

*D. H. Rousseau*, for appellant:

The first instruction for appellee erroneous. It assumes

Knox v. Hellums.

that if a wrongful, or any kind of taking, from appellee by appellant, is disclosed by the testimony, the burden of proof devolves on appellant to show that he had as good or better right than appellee, and if such taking was without the consent of appellee, it was *prima facie* evidence of title in him. *Chap. CXV. Gantt's Digest* merely supplants the old remedy of replevin and detinue without changing its incidents. See New York decisions under a similar Code provision. *Nichols* v. *Michœls*, 23 *N. Y.*, 264; *Roberts* v. *Randall*, 3 *Sand.*, (*N. Y.*) 707; *Rockwell* v. *Sanders*, 19 *Barb.*, 481–82.

Under either form of action the *onus* was on plaintiff to show that he was the owner, or had a special ownership, and that it was wrongfully detained. *Neis* v. *Gillum*, 27 *Ark.*, 185, *and authorities cited; Sec.* 5035 *Gantt's Digest*, *3d and 4th subdivisions.*

The second and third instructions for appellant should have been given, as the proof clearly showed that the cotton had only been turned over, if at all, for the purpose of securing the rent.

The second instruction given by the court was misleading. There was no evidence of a delivery of the crop to Hellums, and the whole evidence shows that the rent was paid long before Blair hauled the cotton to the gin.

The mortgage was sufficiently definite to create a lien on two bales of cotton of the first picking of any crop that Blair might cultivate for the year 1879.

*J. M. Cunningham*, for appellee:

There being a conflict of testimony, the jury were the judges of its preponderance. 11 *Ark.*, 630; 14 *Ib.*, 530. Appellee, having a lien for rent and the possession, had the better right. *Benjamin on Sales*, 597.

Knox v. Hellums.

Peaceable possession, when shown, makes a *prima facie* case, and the *onus* is on defendant, and he must show title, or at least better title than the plaintiff. *Hilliard on Torts, vol.* 1, 495 ; 2 *Greenleaf Ev.*, 637.

The marking of the cotton by Hoke in Knox's name did not pass the possession, unless done by Hellums' consent or ratified by him. *Benjamin on Sales*, 28 *and* 29.

The second instruction asked for appellant, though good in the abstract, was not applicable to the case.

The other instructions are obviously correct.

ENGLISH, C. J.    J. P. Hellums sued J. C. Knox, in replevin, before a justice of the peace of Lincoln county, for a bale of cotton. The judgment was against Hellums before the justice, and he appealed to the Circuit Court, where, on a trial *de novo*, the verdict and judgment were in his favor ; a new trial was refused Knox, and he took a bill of exceptions and appealed to this court.

I, On the trial, defendant offered a mortgage in evidence, which the court excluded, and he excepted, but the ruling of the court in excluding the mortgage was not made ground of the motion for a new trial, and this exception was thereby abandoned under a well settled rule of practice.

1. PRACTICE: Exceptions must be in motion for new trial.

II. The first and second grounds of the motion for a new trial were that the verdict was not sustained by the evidence, and was contrary to law.

It is sufficient to say of the evidence that it was in conflict, and it was the province of the jury to weigh and determine on which side the preponderance was. The evidence will be further noticed in considering the instructions.

III. For plaintiff, and against the objection of defendant, the court instructed the jury "that if the evidence shows that plaintiff was in possession of the property (the cotton in controversy,) and that it was taken by defendant without his

2. REPLEVIN: Evidence of Title: Possession.

consent, this is *prima facie* evidence of title in plaintiff, and then the burden of proof is on defendant to show either that plaintiff had no title, or to show a better title in himself.''

The giving of this instruction was made the fourth ground of the motion for a new trial.

Hellums testified, in substance, that early in the year, 1879, he rented to William Blair part of his place, in Lincoln county, for $55.00, the rent to be paid in the fall of that year. That about October, Blair turned his whole crop over to him to pay rent and a supply account he had against him, amounting in all to about $140.00. Afterwards, and in the same October, while he was at Lincoln Circuit Court, Blair took enough of the cotton to Hoke's gin-house to make a bale, the bale of cotton in controversy. On the next day after Blair hauled the cotton to the gin, witness went there, and found the bale marked in defendant's name; he put the initials of his own name upon it, and on the same day removed it to his place of residence. He gave Blair no authority to get the cotton and haul it to the gin. A short time after witness had taken the cotton from the gin to his residence, defendant came there, in his absence, and took the cotton away It was in evidence, that after Blair had taken the cotton to the gin, he sold it to the defendant.

In an action for the conversion of personal property, the mere facts of lawful possession in plaintiff, and wrongful taking by defendant, are sufficient. Lawful possession is sufficient evidence of title without proving the transfer by which plaintiff acquired title; and possession is presumed lawful, unless the contrary appears. *Abbott's Trial Evidence*, 623.

It is undeniable that possession of personal property is

*prima facie* evidence of title.    *Hutchinson, ad.,* v. *Phillips et al, ad.,* 11 *Ark.,* 279.

Had nothing more been proven than that plaintiff was in possession of the bale of cotton sued for, and that defendant went to his residence in his absence and took it away, plaintiff's title would have been made out. But it was proven, also, that plaintiff went to Hoke's gin, found the bale of cotton there marked in defendant's name, that he marked it in his own name, removed it to his place of residence, and defendant took it from there. If this had been all the evidence, possession shown to have been so obtained by plaintiff would not have been *prima facie* evidence of title in him.

But this was not all the evidence. Plaintiff testified that Blair was his tenant, owed him for rent and supplies, and turned his whole cotton crop over to him to pay the rent and supply account, and afterwards, without his consent, and in his absence, took part of the cotton to Hoke's gin and sold it to defendant. If this was true, if the cotton was so turned over to him, Blair had no right afterwards to take it and sell it to defendant, and he acquired no title by the sale.

IV. The third ground of the motion for a new trial was that the court erred in refusing the second and third instructions moved for defendant.

Defendant asked five instructions, the court gave the first, fourth, and fifth, and refused the second and third.

By the first the court charged the jury, in effect, that plaintiff must prove ownership, general or special, of the bale of cotton, that he was entitled to possession of it, and wrongful detention by defendant.

The second, which the court refused, was, "if the proof should show the fact that the plaintiff has a lien on the bale of cotton for rent, it gives him no right to recover it in this

52—38

action, and he had no right to take possession of it under such lien."

**3. REPLE-**
**VIN:**
**Land-**
**lord's Lien**
If the proof had been that plaintiff had nothing but a landlord's lien on the cotton, this instruction would have been applicable and *law*. In such case, he would have to resort to attachment or bill in Chancery to enforce his lien, But the instruction ignores the evidence that the cotton was turned over to plaintiff by the tenant to pay the rent, etc., and was properly refused. *Flash, Lewis & Co.* v. *Gresham*, 36 *Ark.*, 529.

The fifth instruction which the court gave, was, in effect, the same, and in better form in view of the evidence, than the third, which the court refused.

The court gave the fourth instruction, which was that "if the jury find from the evidence that Blair had paid plaintiff the rent, and that the cotton was only turned over to him as a security for the rent, they will find for defendant."

Blair admitted in his testimony, in effect, that he had turned his crop of cotton over to plaintiff for rent, but denied that he had turned it over on account of supplies as well as rent, and testified that he had paid the rent before he sold the bale of cotton in suit to defendant, which plaintiff denied in his testimony. The fourth instruction submitted this conflict in evidence to the jury.

V. The last ground of the motion for a new trial was that the court erred in giving instruction numbered two of its own motion.

This instruction was substantially the same as instruction numbered four, moved for defendant, and above copied.

Upon the whole, there was no substantial error to the prejudice of appellant in the instructions.

Possibly, from all the evidence, Blair may not have turned

his cotton crop over to plaintiff on account of supplies as well as rent, and possibly he may have paid the rent in the manner stated by him before he removed and sold the cotton in suit to defendant, but, as before said, these are questions for the jury.

Affirmed.