## FERNIMAN v. NOWLIN.

### Opinion delivered June 7, 1909.

1. LANDLORD AND TENANT—LIEN FOR SUPPLIES—DEFENSE.—In an action by a landlord to enforce a lien upon his tenant's crop for supplies furnished to make a crop, the fact that the tenant could not make the crop without other supplies than those furnished by the landlord is no defense against the enforcement of the latter's lien. (Page 24.)

2. SAME—LIEN—ENFORCEMENT.—Where a tenant delivers his crop to a mortgagee without having first discharged the landlord's lien for supplies furnished to make the crop, the landlord's remedy is a specific attachment of the cotton in the mortgagee's hands. (Page 24.)

3. SAME—PRIORITY OF LIEN.—Where a landlord brought suit seeking to enforce his lien on his tenant's crop for supplies furnished for the purpose of making such crop, but without asking for a writ of attachment, and a mortgagee of the crop brought replevin against the landlord for the possession of such crop, and the two causes were consolidated, the landlord's lien was paramount to the mortgage lien, and judgment was properly rendered enforcing the former lien. (Page 25.)

Appeal from Marion Circuit Court; *Brice B. Hudgins,* Judge; affirmed.

#### STATEMENT BY THE COURT.

Charles Burrus rented from C. C. Nowlin and D. S. Nowlin the "Toney farm" in Marion County for the year 1906. The Nowlins furnished him supplies, as he and they testify, "to enable him to make the crop" during the year 1906 according to an itemized account which amounted to the sum of $103.32. When Burrus gathered his cotton (two bales) he took it to the Nowlins' gin, and told them when it was ginned to wrap it in the bagging of one Wm. Ferniman that was at the gin. The cotton was ginned and baled, being wrapped in Ferniman's bagging. The Nowlins, having the cotton in their possession, requested Burrus to let them apply it on his account for supplies furnished him by them. He refused, saying that he had mortgaged the cotton to Ferniman, and had promised to let him have it. He had gone with Ferniman to the gin and turned the cotton over to him, and Ferniman had marked it with his brand. After this, on the 7th day of February, 1907, the appellees brought suit against Burrus and Ferniman. They alleged, in substance, that they were the landlords of Burrus for the year 1906, he having rented from them the place

known as the Toney farm, that he was due them for rent the sum of $10.50 and for supplies furnished him to enable him to make his crop during that year $103.32, that Wm. Ferniman was laying claim to the cotton under a mortgage and interfering with appellees in their possession of the cotton. They alleged that they had a lien on the cotton for the rent and supplies furnished, and they prayed that a lien be declared in their favor, and that the claim of Ferniman be denied, and that they have judgment for the amount of their claim for rent and supplies, and that the cotton be sold to satisfy the judgment.

The cause in the justice's court progressed to judgment in favor of appellees, and appellant appealed to the circuit court.

In the meantime, while the suit was progressing in the justice's court, appellant brought suit in the circuit court of Marion County against appellees to replevy the cotton, setting up that Burrus was indebted to him in account for supplies furnished him under a mortgage on the cotton, that Burrus was willing for appellant to have possession, but that appellees had refused to deliver the cotton to appellant, that appellees pretended to be the owners of the cotton, but that they had no right or title thereto, and he prayed for judgment for possession and for damages, etc. The appellees answered the complaint, and set up their claim to the cotton by virtue of their landlord's lien for rent and supplies furnished, set up the proceedings that they had resorted to in the justice's court, to which appellant had been made party, alleging that the suit in justice's court had proceeded to judgment in favor of appellees, and that appellant had appealed to the circuit court from that judgment, that all the issues in the suit on appeal and in the suit begun by appellant against them in the circuit court were the same. They prayed that the case in the circuit court be dismissed, or that same be consolidated with the case on appeal from the justice's court, that certified copies of the judgments then on file from the justice's court be considered as part of their answer, for judgment against appellant for taking the cotton out of their possession under orders of delivery in the present suit, and for proper orders for the disposition of the cotton and the application of the proceeds and all proper relief, etc.

The court consolidated the case on appeal from the justice's court with the suit begun in the circuit court. The cause went to

trial with a jury, and upon evidence as to the claims and liens of the respective parties as detailed above. The court, over the objections of appellant, refused to permit Burrus to answer the following questions: "Did the supplies furnished you by the Nowlins enable you to make said crops?" "Could you have made said crop with other supplies than those furnished you by the Nowlins?" The appellant duly excepted.

The court instructed the jury at the request of appellees as follows:

"Gentlemen of the jury, I instruct you to find for the plaintiffs, C. C. Nowlin and D. S. Nowlin, the possession of the two bales of cotton in controversy, and also find the value of said cotton, and assess the plaintiffs' damages for the wrongful taking and detaining of said cotton equal to 6 per cent. interest on the value of said cotton from the 25th day of March, 1907."

And refused among others the following requests of appellant:

"2. I instruct you that, before plaintiffs will be entitled to recover, they must show that the supplies which they furnished to said Burrus did enable him to make and gather the crop; and, even if it be shown that the supplies furnished enabled him to make the crop, it is not enough unless supplies were also furnished to enable him to gather the crop.

"No. 3. I instruct you that it devolves upon the plaintiff to show that they took steps by specific attachment within six months after their claims for rent fell due to enforce their landlord's lien for rents; and, if you find said cotton was not attached within said period, then you will find for the defendant, unless you find that said Burrus turned said cotton over to the plaintiffs or put them in the possession of same to apply on their debt against said Burrus.

"No. 4. I instruct that, unless you find that the supplies furnished by the plaintiffs (Nowlins) to said Burrus were furnished for the purpose of enabling him to make and gather said crop, then your verdict should be for the defendant Ferniman.

"No. 5. You are instructed that the jennet is not a "supply," within the meaning of the landlord's lien act herein, and cannot allow that amount to Nowlins.

"No. 6. You are instructed that any supplies furnished be-

ARK.]　　　　FERNIMAN *v.* NOWLIN.　　　　23

fore March 1, 1906, when Burrus commenced to make his crop, cannot be considered by you in estimating the amount of the landlord's lien claimed by the plaintiffs.

"No. 7. You cannot allow plaintiffs the $4.40 taxes as part of their landlord's lien.

"No. 8. You cannot allow the plaintiffs for any of the goods and supplies after the crop season of 1906 was over.

"No. 9. You are instructed that, if plaintiffs took one-fourth of the cotton as rent, then rent for other parts of the land would not be a lien on this cotton."

The appellant duly saved his exceptions to the rulings of the court in refusing these several prayers. The jury returned a verdict in favor of appellee for $105.05. Judgment was entered for that sum, which appellant seeks to reverse by this appeal.

*W. S. Chastain,* for appellant.

1. In the enforcement of a statutory lien, the statute creating it must be strictly followed. 36 Ark. 575; 37 Ark. 115; 83 Ark. 118. In order to acquire a landlord's lien for supplies, such supplies must have been necessary, and to enable the tenant to make and, if necessary, gather, his crop. Kirby's Digest. §§ 5032-3. The question of fact whether or not the supplies were necessary and furnished in good faith to enable the tenant to make and gather his crop should have been submitted to the jury. 79 Ark. 427.

2. The Nowlins' account against Burrus was due Jan. 1, 1907, and their lien, if any, expired six months thereafter. Their remedy was by attachment or by bill in equity. Kirby's Dig., §§ 5032, subdiv. 8, 5033; 24 Ark. 545; 37 Ark. 115; 44 Ark. 108; 36 Ark. 575; *Id.* 572; 35 Ark. 538; 67 Ark. 455; 38 Ark. 413; 83 Ark. 118; 80 Ark. 243; 72 Ark. 132.

3. In the absence of proof to the contrary, a purchaser is presumed to be an innocent purchaser. Here there is no proof that Ferniman knew of the Nowlin lien, nothing in the record to impute such knowledge, nor anything to put a prudent man on inquiry. 31 Ark. 131; 67 Ark. 362; 52 Ark. 158.

*Woods Brothers,* for appellees.

1. The facts in evidence show that appellees had a landlord's lien on the cotton which was superior to Ferniman's mort-

gage lien. Being in possession of the cotton, appellees were entitled to hold it until their debt for supplies and rent was paid, and none could maintain replevin for it. 69 Ark. 551; 31 Ark. 557; 36 Ark. 525; 69 Ark. 306.

2. The justice of the peace court had jurisdiction. Attachment is not the suit itself, but only ancillary thereto. Kirby's Dig. §§ 5040, 5041. Its only office is to hold the property until the claims for rents and supplies can be adjudicated.

3. That Ferniman knew Burrus was a tenant of the Nowlins is shown by the mortgage, as also by his own and Burrus's testimony. His knowledge of the tenancy imputes knowledge of the lien. 69 Ark. 306; 72 Ark. 132.

WOOD, J., (after stating the facts). First. The landlord and tenant both testified that the articles of supplies sued for on the account were furnished to enable the tenant to make the crop. The supplies were furnished for that purpose. That is all the statute contemplates. The fact, if proved, that the tenant could or could not have made the crop without other supplies than those furnished by appellees would not tend to show that they had not furnished supplies to enable the tenant to make the crop, or that the supplies furnished by them were unnecessary.

The court did not err in refusing to permit the witness to answer the questions propounded.

Second. After Burrus refused to permit appellees to apply the cotton on their account against him for supplies, appellees had no longer the right to retain possession of the property.

And after Burrus had delivered the cotton to appellant at appellees' gin the remedy of appellees to have their lien declared and enforced was by specific attachment of the cotton in the hands of appellant as prescribed in sections 5040 and 5041, Kirby's Digest. *Upham* v. *Dodd,* 24 Ark. 545; *Reavis* v. *Barnes,* 36 Ark. 575; *Knox* v. *Hellums,* 38 Ark. 413.

The conduct of Burrus in refusing to allow appellees to apply the cotton on his account for supplies with them, and his delivery of the cotton to appellant, constituted grounds for attachment under sections *supra*.

Appellees brought suit in the justice's court, alleging the facts constituting their lien, but without asking for the writ of attachment to seize the property. The attachment was only an incident to

the suit, and was a method prescribed for impounding the property. It could have been issued after the suit was begun in the justice's court or afterwards in the circuit court on appeal.

But appellant brought suit in the circuit court against appellees, before their lien expired, to replevy the cotton, and thus the cotton was impounded in the hands of appellant through the process of the circuit court, to which court the cause that had originated in the justice's court had gone up on appeal. The consolidation of the causes brought the issue before the court as to whether appellees were entitled to judgment for their claim, and also as to whether they were entitled to the possession of the property. Appellant has urged no objection to the consolidation here.

The facts constituting appellees' claim and lien were alleged and proved. The court might have rendered judgment in their favor, and then directed execution to be levied on the cotton if still in the hands of appellant.

The appellant having taken possession of the cotton under bond, the court did not err in rendering judgment against appellant for the cotton or its value in the sum of $100. This sum did not exceed the amount for which appellees were entitled to judgment against Burrus.

While the proceedings were irregular, they were not prejudicial, and the instruction given at the request of appellees was not prejudicial error. All parties in interest were before the court.

The court had jurisdiction, and no other result, in justice, under the law and evidence, could have been attained. Appellant could not recover possession of the property from appellees without tendering the amount due them, for the lien of appellees was superior to that of appellant. *Tomlinson* v. *Greenfield,* 31 Ark. 557; *Buck* v. *Lee,* 36 Ark. 525. See also *Pape* v. *Steward,* 69 Ark. 306; *Noe* v. *Layton,* 69 Ark. 551, as to innocent purchaser of tenants' crops.

We find no evidence in the record to warrant the giving of the prayers of appellant for instructions. The judgment is correct.

Affirmed.