## WILSON v. McCOWN.

### Opinion delivered April 29, 1912.

1. REPLEVIN—SUFFICIENCY OF VERDICT.—Where, in replevin to recover possession of mortgaged chattels for the purpose of foreclosing the mortgage, the only issue was as to the amount of the secured debt, a verdict which found merely the amount of such debt is sufficient, under Kirby's Digest, section 6869, to authorize a judgment for the property or the balance due thereon. (Page 424.)

2. MORTGAGES—REMEDIES OF ASSIGNEE—PARTIES.—The assignee of a chattel mortgage and of the secured note could maintain an action thereon without joining the assignor, though the mortgage debt was charged on the assignor's books as an account. (Page 424).

Appeal from Arkansas Circuit Court; *Eugene Lankford,* Judge; affirmed.

*J. M. Brice* and *J. W. Henderson,* for appellant.

1. Proceeds of the mortgaged cotton delivered to the plaintiffs should be applied on the mortgage indebtedness. 47 Ark. 17-31.

The mortgage secured only Wilson's indebtedness to the firm of McCown & Parker due up to October 15, 1909. Any account not mentioned therein, or contracted after the above date, would not be secured by the mortgage. An account contracted after the dissolution of the firm would not be covered by the conditions in the mortgage. 91 Ark. 458; 50 Ark. 256; Jones on Chat. Mortg. § 98; 23 Mo. App. 83; 22 Am. & Eng. Enc. of L. (2 ed.) 206.

2. This being an action in replevin, the verdict is contrary to and not responsive to the law, and does not support the judgment. 122 S. W. 46-50; 58 N. Y. Supp. 879; 96 Ark. 190; 20 Ann. Cases, 429; 29 Ark. 597.

An unsecured account can not be recovered on in a replevin suit. 82 S. W. 707.

*Thomas & Lee,* for appellees.

1. The defenses of payment by the delivery of cotton and that the plaintiffs had no interest in the suit were questions of fact properly left to the jury by the court's instructions. It was also correct to charge them that the account was not denied since the defense was payment, and that to establish that defense the burden was on the defendant.

2. The form of the judgment is in accordance with the statute. Kirby's Dig., § 6869.

McCULLOCH, C. J. This is an action of replevin instituted by plaintiffs, McCown & Company, a firm of merchants, against defendant, Wilson, to recover possession of a lot of personal property for the purpose of foreclosing a chattel mortgage embracing the same, which had been executed by defendant. The mortgage in question was executed to McCown & Parker, a firm composed of A. H. McCown and R. F. Parker. It was executed in March, 1909, to secure a note of $210, payable October 15, 1909. On June 17, 1909, Parker, by written instrument, conveyed to Winkler, Ferguson and Ida McCown his interest in the partnership, including all notes, mortgages and book accounts, and thereafter the business was conducted under the firm name of McCown & Company. The mortgage and note were executed to cover advances to be made to the defendant and $110 in cash was advanced up to the date of the expiration thereof. This amount was advanced out of the personal funds of McCown. At the time of the institution of this suit, plaintiffs claimed a balance on account of $56.80, and the jury returned a verdict in accordance with the contention of plaintiffs, finding the aforesaid sum to be the amount due on the mortgage debt.

The sole issue of fact submitted to the jury was as to the question of payment of the debt, the defendant adducing testimony tending to show that he had delivered enough cotton to cover the full amount of the debt. The statutes of this State provide that "in any action * * * where it is attempted to foreclose any mortgage, deed of trust or to replevy, under such mortgage, deed of trust or other instrument, any personal property, the defendant or defendants in said action shall have the right to prove or show any pay-

ment or payments or set-off under such mortgage, deed of trust or other instrument, and judgment shall be rendered for the property or the balance due thereon, and the defendant may pay the judgment for the balance due and costs within ten days and satisfy the judgment and retain the property." Kirby's Digest, § 6869.

The form of the verdict was: "We, the jury, find for plaintiff $56.80;" and judgment was rendered by the court in accordance with the statute above quoted.

The evidence as to the amount of cotton delivered was conflicting, and we conclude that there was sufficient evidence to sustain the verdict on that issue.

It is contended that the verdict was not responsive to the issue, and was not sufficient to warrant the court in rendering judgment. This contention would have been a correct one before the passage of the statute above referred to, but, since the enactment of that statute, where the only issue in the case is the amount of the mortgage debt, a verdict in that form is sufficient to authorize a judgment for "the property or the balance due thereon." *Couch* v. *Harrison*, 68 Ark. 580; *Russell* v. *Webb*, 96 Ark. 190.

"If," said this court in *Russell* v. *Webb, supra*, "the issue presented by the pleadings has been substantially decided by the jury, and their meaning can be satisfactorily collected from their verdict, then it is the duty of the court to mould it into form by its judgment."

Counsel for defendant, insist that, as an account is not assignable, and the assignee can not maintain an action thereon without joining the assignor as a party (*Lanigan* v. *North*, 69 Ark. 62), plaintiffs have not stated a cause of action for the recovery of possession of the mortgaged property. This contention overlooks the fact that the debt was evidenced by a note, and the account was merely charged on the books for convenience as supplies were furnished and payments made thereon. The note and mortgage were assigned, and the assignee could maintain an action thereon without joining the assignor.

It is also urged that, as part of the advances covered by the items of the account were made by the new firm of McCown & Company, they were not secured by the mort-

gage. That contention can not be sustained, for the reason that the note and mortgage were assigned and the advances were made thereunder by the new firm, and were accepted thereunder by the defendant.

Other questions are raised in the case not of sufficient importance to discuss. Suffice it to say that we are of the opinion that the issues in the case were properly submitted to the jury, and that the verdict is sustained by sufficient evidence. Judgment affirmed.