MANILLA SUPPLY CO. *v.* TIGER BROS.

Opinion delivered November 20, 1916.

1. CONTRACTS—LIEN FOR SUPPLIES FURNISHED—ENFORCEMENT.—Where appellant rented land to one B. and B. sold the crop to appellee, appellant having at most, only a lien for supplies furnished B. his remedy is in equity to enforce the lien against the proceeds of the crop, in the hands of the purchaser.

2. ACTIONS—JOINDER WHERE THE REMEDIES ARE AT LAW AND AT EQUITY.—Where two causes of action, one properly cognizable at law, and the other in equity, are joined in an action at law, the cause will not be split, and a portion thereof transferred to equity, but the whole will be tried at law, and the equitable remedy will not be enforced.

3. CONTRACTS—RENT AND SUPPLIES TO TENANT OF LAND—IMPROPER JOINDER IN ONE ACTION.—A rented land to B. for a certain rent, and also furnished B. with supplies. B. gathered and sold his crop to C. whom A. sued at law on both causes of action. *Held,* A.'s cause of action for supplies was cognizable in equity, and that the trial court was correct in refusing to grant equitable relief in the action at law.

Appeal from Mississippi Circuit Court; Chickasawba District; *W. J. Driver,* Judge; affirmed.

*E. L. Westbrooke,* for appellant.

1. The wagon bought by Ballard was properly chargeable as supplies furnished, and appellant had a landlord's lien. Kirby's Digest, § 5033; 79 Ark. 427; 80 *Id.* 218.

2. The purchase price of the horse was secured by a lien on the crop. The mortgage did not extinguish the lien; it was merely cumulative. 36 Ark. 96; 56 *Id.* 499.

3. It was error to instruct the jury to find for the defendant at all. Kirby's Digest, § 5984-5, provides for equitable proceedings but all other proceedings must be at law. *Ib.* §§ 5991-4; 36 Ark. 564; 31 *Id.* 411; 39 *Id.* 248; 47 *Id.* 208; 494 *Id.* 20; 51 *Id.* 259. The court should have transferred the cause to equity. 51 Ark. 259; 74 *Id.* 87; 46 *Id.* 272; 74 *Id.* 122; 105 *Id.* 671; 107 *Id.* 73; 60 *Id.* 74.

*Little & Lasley,* for appellees.

1. The appellant was not the landlord, but only the principal tenant. It had no lien. Kiryb's Digest, § 5037. The instructions were too favorable to appellant. 88 Ark. 189; 89 *Id.* 111.

2. The only remedy was in equity. 36 Ark. 575. Appellant could only sue at law for conversion, but to enforce a lien he must resort to equity. 56 Ark. 499; 77 *Id.* 132; 95 *Id.* 32; 37 *Id.* 164. No motion to transfer was made and the court properly dismissed the case as to the lien for supplies.

McCulloch, C. J. Appellant rented land in Mississippi county to one Ballard, the latter agreeing to pay as rent one-fourth of the cotton raised on the premises, and appellant also furnished stock and other supplies to Ballard. Ballard gathered the crop and sold it to appellees, to whom he had previously mortgaged it, and this is an action instituted by appellant against appellees in the circuit court to recover the value of one-fourth of the cotton and to enforce a lien for supplies furnished Ballard.

On the trial of the cause the court submitted to the jury the question of appellant's right to recover the value of its interest in the cotton, but refused to permit a recovery on the account for supplies. The jury found in favor of appellant for the value of the cotton, and an appeal has been prosecuted from that part of the judgment refusing to permit a recovery for the amount of supplies and dismissing the complaint on that branch of the case. The correctness of the judgment in appellant's favor for the value of its interest in the cotton is not questioned, as appellees have not appealed from the judgment. Therefore we need not enter upon any discussion of the question of appellant's right to recover on that branch of the case.

Appellant sues on the theory that the purchase of the cotton by appellees from Ballard constituted a conversion, for which appellant has a right to sue to the extent of its interest in the property. If it be conceded that appellant had such title to the property as would

justify the adoption of that remedy so far as the value of the rent cotton is concerned, it is true beyond question that appellant has only a lien for the amount of the account for supplies, and has no title to the property which would sustain an action for conversion. The remedy on that branch of the case is by suit in chancery to enforce the lien against the proceeds of the property in the hands of the purchasers. *Reavis* v. *Barnes*, 36 Ark. 575.

The statute provides that where there is an error as to the kind of proceedings adopted, the action shall not be dismissed but that the cause shall be transferred to the proper docket. Kirby's Digest, § 5991. This, the court should ordinarily do on its own motion. *Newman* v. *Mountain Park Land Co.*, 85 Ark. 208. But appellant elected to join the causes of action, and the statute does not authorize a splitting of a cause of action so as to transfer a part from the court where the action has been erroneously instituted. The statute contemplates the transfer of the action as a whole and not in parts. There was, therefore, no error committed by the trial court in refusing to enforce the equitable remedy in appellant's favor for the recovery of the amount due on the account for supplies.

Affirmed. HUMPHREYS, J., not participating.