SECURITY BANK & TRUST CO. *v.* BOND.

Opinion delivered March 11, 1918.

1. CONFLICT OF LAWS—CONVERSION—WHAT LAW GOVERNS.—The law of the State where a conversion takes place, governs an action for damages therefor; but the remedy is governed by the law of the forum.

2. LANDLORD AND TENANT—CONVERSION OF CHATTELS—REMEDY.—In order to maintain an action for the recovery of the possession of chattels, or to recover damages for the conversion thereof, plaintiff must show title in the property wrongfully taken or converted, and a landlord with only a lien and without legal title, can not maintain replevin or a suit for conversion. The landlord's remedy is by action against the tenant for recovery of the debt and attachment of the property to enforce the lien, or by suit in equity against the third person who has received the property from the tenant, to subject it to the lien.

3. ACTIONS—WRONG FORUM—PROPER JUDGMENT—CONVERSION OF CHATTELS.—An action to recover from a third person for the wrongful conversion of cotton, upon which the plaintiff (landlord) had a lien, was improperly brought at law. *Held,* where no objection to the jurisdiction of the law court was made, and the evidence showed that plaintiff was entitled to recover, that the judgment would not be disturbed on appeal.

4. CONVERSION—VALUE—FAILURE TO RAISE ISSUE.—In an action for damages for the conversion of certain cotton, it is too late to raise the issue of the value of the cotton, for the first time on appeal.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; affirmed.

*P. R. Andrews* and *J. G. Burke,* for appellant.

1. It was error to direct a verdict. The issues should have been submitted to a jury. 37 Ark. 193; 120 *Id.* 206; 89 *Id.* 368; 103 *Id.* 401; 82 *Id.* 86.

2. The value of the cotton should have been submitted to a jury. The cotton in value did not amount to $500.

3. The testimony does not show that the cotton was raised on plaintiff's plantation. It was error to admit McDonald's letter as evidence. 14 Enc. Ev. 718; 89 Ark. 481; 17 Cyc. 945.

*Moore, Vineyard & Satterfield,* for appellee.

1.    The landlord had a lien on the cotton in Mississippi and Arkansas.   Code of Miss. (1906), § § 2832, 1260-1-2; 60 Miss. 212; *Ib.* 270; 66 *Id.* 323; 69 *Id.* 371; 95 *Id.* 104; 95 *Id.* 303; 101 *Id.* 724; 75 *Id.* 150; 82 *Id.* 747; 95 *Id.* 576.

2.    The court properly directed a verdict, as there was no issue for a jury.   89 Ark. 24; 97 *Id.* 438; 104 *Id.* 267.

3.    The value of the cotton was proven, and it was raised by tenants on plaintiff's farm.   No prejudicial error is shown.   96 Ark. 156; 94 *Id.* 115; 81 *Id.* 247.

McCULLOCH, C. J.   The plaintiff, Mary D. Bond, owned a plantation in the State of Mississippi and leased the same for a term of three years, beginning with the year 1914, to one McDonald for a rental of $2,000 per annum. · At the close of the first year plaintiff's agent agreed with McDonald to reduce the rent to the extent of $500 on account of depreciation in the price of cotton caused by the breaking out of the war.   The sum of $1,000 had been paid on the rent at the time this agreement was made, which left $500 unpaid according to the agreement. Later in the cotton season McDonald had a lot of cotton at a gin in Mississippi, and thirteen bales of it was hauled to the river by one Owens, who operated the gin, and was shipped by boat to the defendant Security Bank & Trust Company, a banking corporation doing business in Helena, Arkansas.   The cotton was shipped by Owens at the request of defendant's agent.

Plaintiff instituted this action in the circuit court of Phillips County against the defendant to recover on account of the conversion of the cotton by defendant, and the prayer of the complaint was for the recovery of the balance due on the rent, which was the extent of the plaintiff's interest in the cotton.   The case was tried before a jury, and when all the testimony was introduced, the court gave a peremptory instruction to the jury to find for the

plaintiff for the sum of $500, with interest, and the defendant has prosecuted an appeal to this court.

(1)    According to the undisputed evidence, the defendant converted the property in the State of Mississippi.    It was situated at a gin in that State, and the owner of the gin, at the request of defendant's agent, hauled the cotton to the Mississippi river and shipped it to appellant at Helena.    The act of converting the property having been consummated in the State of Mississippi, the rights of the parties must be tested by the laws of that State.    Under the law of Mississippi, a landlord has a lien for rent on all the products raised by a tenant on the leased premises, and a right of action at law against a third person who receives such products from the tenant and converts the same, either with or without notice of the existence of the lien.    *Peets & Norman Co.* v. *Baker,* 95 Miss. 576; *Trenholm* v. *Miles,* 102 Miss. 835.

(2)    The right of action which thus became complete in the State of Mississippi is enforceable here, but the remedy depends upon the laws of this State.    In order to maintain an action here for the recovery of possession of chattels, or to recover damages for the conversion of chattels, plaintiff must show title in the property wrongfully taken or converted, and the landlord can not maintain replevin, or a suit for conversion because he merely has a lien and does not hold the legal title.    His remedy is by action against the tenant for recovery of the debt and attachment of property to enforce the lien, or by suit in equity against the third person who has received the property from the tenant, to subject it to the lien.    *Reavis* v. *Barnes,* 36 Ark. 575; *Knox* v. *Hellums,* 38 Ark. 413.

(3)    The present action was improperly instituted at law, but no objections were interposed below on that account, nor have there been any such objections raised here, and if the case was correctly decided on the facts, as contended by counsel for the plaintiff, the judgment should not be reversed merely because the action was brought in the wrong court.    We are of the opinion that according to the undisputed evidence the plaintiff was entitled to re-

cover, and that the court was correct in giving a peremptory instruction to the jury.

It is contended that the testimony does not show beyond dispute that the cotton received by defendant was raised on plaintiff's farm, but after careful consideration of the testimony we think the jury would not have been warranted in finding that the cotton was not raised on plaintiff's farm, which was leased to McDonald. The testimony of the witness Owens shows that the thirteen bales of cotton converted by defendant were raised by two subtenants of McDonald on plaintiff's farm. McDonald cultivated two other farms that year and some of the cotton that was ginned probably came from the other farm, but the testimony shows definitely that the particular bales of cotton which were shipped to defendant were those raised by the two subtenants on plaintiff's farm.

(4)   It is also contended that the value of the cotton as shown by the testimony did not show an amount in the aggregate of the sum of $500, and that the question of value ought to have been submitted to the jury. Defendant did not ask that that issue be submitted to the jury, although it did in fact ask the court to give several instructions upon other issues. The plaintiff introduced a witness who testified that the cotton was worth $35 or $40 a bale. If the higher price was accepted as the criterion of value, the aggregate was more than enough to satisfy the plaintiff's claim, and, if the lower estimate had been accepted, it would have been slightly less than the plaintiff's claim. The defendant knew the classification of the cotton and the prevailing price at the time it was converted and sold, but did not offer any proof on that subject, nor did it ask the court to submit the issue to the jury as to value, and we think it is too late now to raise the question for the first time.

Judgment affirmed.