ETHERIDGE *v.* BIRD BROTHERS.

Opinion delivered March 12, 1928.

LANDLORD AND TENANT—LIEN FOR ADVANCES.—Under Crawford & Moses' Dig., § 6890, a landlord is not entitled to a lien on his tenant's crop for money advanced to make a pleasure trip.

Appeal from Conway Circuit Court; *J. T. Bullock,* Judge; affirmed.

*J. A. Eades,* for appellant.

*Strait & Strait,* for appellee.

McHANEY, J. Appellees, plaintiffs below, brought this suit in the justice court against appellant and one Melvin Mitchell, tenant of appellant, to recover $45.63 alleged to be due on an account for merchandise furnished by appellees to Mitchell. An order of general attachment was issued out of the justice court, and three

bales of cotton seized. Appellant gave a forthcoming bond for the attached cotton. It was agreed that Mitchell had turned over to appellant, his landlord, his crop, including the attached cotton, in settlement of his indebtedness to appellant, and that this crop was in possession of appellant at the time of filing the suit. A writ of garnishment was also issued and served upon appellant upon the usual allegations and interrogatories. On the day of trial Mitchell made default, but appellant appeared and defended his right to the property. Judgment was rendered in the justice court against both defendants, and the attachment and garnishment sustained. An appeal was prosecuted by appellant only, to the circuit court, and, at the conclusion of the testimony, a verdict was instructed against appellant, Etheridge, and he has appealed.

It is first contended for a reversal of the case that, since Mitchell was the tenant of appellant during the year 1925, and was indebted to him in excess of the value of the crop produced, lacking $23.30 of paying appellant's account, he had a prior lien for the amounts furnished by him to Mitchell. It is shown that appellant had an account against Mitchell amounting to $331.83, which began January 1, 1925, and terminated October 10, 1925. In the account filed by appellant there is one item of $60 cash advanced, and it is agreed that this $60 was furnished Mitchell by appellant to make a pleasure trip to visit his kinsfolk in Oklahoma. This being the fact, appellant had no lien on the crop for this item The advances covered by the statute, § 6890, C. & M. Digest, for which the landlord has a lien, must be made to enable his tenant to make and gather the crop, therefore the lien given by the statute did not attach to the crop in favor of appellant as to this item, and, although the crop had been turned over to appellant at the time the suit was brought, the lien of the attachment was ahead of appellant's claim for this item. Since, as we have already seen, the attachment lien was superior to appellant's claim with reference to this $60 item, and since this

amount is more than sufficient to cover appellee's debt, we do not decide the other questions raised in the brief, including the question of usury, in appellant's account with Mitchell.

The judgment of the circuit court directing a verdict against appellant was therefore correct, and it is accordingly affirmed.