PASSWATER CHEVROLET COMPANY v. WHITTEN.

Opinion delivered October 22, 1928.

A. F. Auer, for appellant.

McHANEY, J. Appellee instituted this action in replevin to recover the possession of one Chevrolet Sedan

automobile from appellants under the following circumstances: On February 12, 1927, appellee purchased from appellant, Passwater-Chevrolet Company, hereinafter called the company, the car in question, at a price of $888, $350 of which was paid in cash, and the remainder, $538, was payable in 12 equal monthly installments of $44.84, beginning March 12, 1927. This sale was evidenced by a written conditional sale contract, on a form provided by the General Motors Acceptance Corporation, hereinafter called the corporation, to whom the contract was sold and assigned by the company by unrestricted indorsement. This contract provided that "title to said property shall not pass to the purchaser until said amount is fully paid in cash," and that "the assignee shall be entitled to all the rights of the seller." It also provides that, upon default in the payment of any installment when due, at the option of the seller, the full amount shall immediately become due and payable; that time is of the essence of the contract; that the seller may repossess the property without demand and sell the same at public or private sale, with or without notice to the purchaser, and many other provisions too numerous to set out herein. Appellee made four payments—March, April, May and June. He defaulted in the payments due July 12 and August 12, and, early in September, Mr. Passwater had a conversation with him in which he advised appellee that the corporation had instructed him to repossess the car. That afternoon, Thursday, September 8, appellee brought the car to the company's store room and voluntarily surrendered it. On Saturday following the agent of the corporation came. He required the company to make good its indorsement of the conditional sales contract by paying the corporation the balance due thereon. Shortly thereafter the company sold the car to appellant Stuart, and at the time of the sale, or shortly thereafter, appellee gave the key to the car to said Stuart. A few days later he went to the company with his attorney, tendered the balance due, demanded the car, and was told that the car had already been sold

to Stuart, a fact which appellee knew, for he testified that he gave Stuart the key to the car after it was sold to him.

Appellants requested a directed verdict in their favor, which the court refused. The court, on its own motion, instructed the jury, over the objection of appellants, "to find a verdict for defendants for the car in controversy, and to find the amount which may be due by the plaintiff to the defendants for the purchase money upon the contract under which the car was purchased."

The jury returned this verdict: "We, the jury, find for the defendants for the car in controversy, and find that the plaintiff is due the defendants purchase money herein in the sum of $358.72. A. L. Keith, foreman."

Based on this verdict, the court entered a judgment that appellants were entitled to the car in question, and that appellee have ten days from that day to pay into the registry of the court the $358.72, plus interest from date of judgment and accrued costs.

From that part only of the judgment allowing appellee to deposit the balance due and redeem the car, this appeal is prosecuted. It is conceded by appellants that the court correctly instructed the jury to find in their favor for the car in controversy. Evidently the court held appellants were rightfully in possession of the car, but thought appellee had the right to redeem from them by virtue of § 8654a, C. & M. Digest. That section reads as follows:

"In any action in a justice court or circuit court of this State, where it is attempted to foreclose any mortgage, deed of trust, or to replevy, under such mortgage, deed of trust or other instrument, any personal property, the defendant or defendants in said action shall have the right to prove or show any payment or payments or set-off under such said mortgage, deed of trust or other instrument, and judgment shall be rendered for the property or the balance due thereon, and the defendant may pay the judgment for the balance due and costs within ten days and satisfy the judgment and retain the property. Act May 23, 1901, p. 303."

Clearly this section has no application to this controversy. The plaintiff in the court below was not attempting "to foreclose any mortgage, deed.of trust, or to replevy, under such mortgage, deed of trust or other instrument, any personal property." He brought replevin, it is true, but not under "any mortgage, deed of trust or other instrument." He brought it on a complaint and affidavit alleging that he was the owner of the car and entitled to the immediate possession thereof under a conditional sales contract, which he admits he had breached, and had voluntarily surrendered the possession of the car to the rightful owner. Had he kept possession of the car and refused to surrender it to appellant company, and it had brought replevin, then this section would be applicable. *Shaffstall* v. *Downey,* 87 Ark. 4, 112 S. W. 176; *Hollenberg Music Co.* v. *Barron,* 100 Ark. 403, 140 S. W. 582, 36 L. R. A. (N. S.) 594, Ann. Cas. 1913C, 659; *Wilson* v. *McCown,* 103 Ark. 422, 147 S. W. 451; *Strode* v. *Holland,* 150 Ark. 122, 233 S. W. 1073; *Fore* v. *Chenault,* 168 Ark. 747, 271 S. W. 704.

Under the facts in this case appellee cannot maintain replevin. It is undisputed that he voluntarily surrendered the car to the company and permitted same to be sold to appellant Stuart, and thereafter turned over the key to the car to said Stuart. Therefore, whatever interest or right he had in the car was voluntarily surrendered. The legal title to the car was retained in the conditional sales contract, and passed to the corporation, and when the company made good its indorsement and paid the corporation the balance due on the car, the legal title passed back to the company. "Property in defendant is a good defense in an action of replevin, and this is ordinarily true whether it be an absolute or a special or qualified property in the goods which are the subject-matter of the litigation." 34 C. J. 1414.

In order to maintain an action to recover the possession of personal property, or to recover damages for the conversion of such property, plaintiff must show title in the property so wrongfully taken or converted. *Secur-*

*ity Bank & Trust Co.* v. *Bond,* 132 Ark. 592, 201 S. W. 820.

In *Brown & Hackney* v. *Loveless,* 152 Ark. 541, 239 S. W. 23, it was said: "Replevin cannot be maintained without showing a general ownership of the property in the plaintiff, together with the right of immediate possession."

Since appellee has surrendered the car and permitted same to be sold to an innocent purchaser, he lost whatever general or special ownership he had in the property, together with the right to the immediate possession thereof, and therefore is precluded from maintaining this action. The judgment of the circuit court is therefore reversed, and the cause dismissed.