LEE *v.* WAGNER.

Opinion delivered March 14, 1932.

*Jas. S. McConnell*, for appellant.

*Feazel & Steel*, for appellee.

MEHAFFY, J. This suit was begun by the appellant, Laura Lee, administratrix of the estate of W. Ridley Lee, deceased, against the appellee, Ferris Wagner, to recover the possession of two mules, alleged to be of the value of $125. The suit was in replevin; a bond given, and order of delivery was issued, and appellant took possession of the mules and disposed of them.

The justice of the peace found in favor of appellee, and appeal was taken to the circuit court, where the case was tried and resulted in a judgment and verdict for appellee.

In the fall of 1929, Dr. W. Ridley Lee was the owner of the two mules, and told appellee that the mules were in the pasture, and if appellee wanted them he could go and get them, and pay $125 for them. There was no time fixed for the payment, except appellee told Dr. Lee he would pay when he could.

The appellee used the mules in 1930 to cultivate his land, but there was a crop failure, and he was unable

to pay. Dr. Lee did not retain title to the mules, did not take any note, but entered a charge on his books of $125 for the mules.

The appellee does not claim that he has paid for them, but he went to the appellant after Dr. Lee's death and told her he wanted to sell the mules to a Mr. Runnels.

The appellant testifies that she told appellee that, if satisfactory with her attorney, appellee could keep the mules until fall. Appellee testified that she agreed that he could keep them until fall. She says he wanted to turn the mules over to her, but she was unable to keep them, and told him to see her attorney. At any rate, appellee kept the mules and began to make a crop, and this suit in replevin for possession of the mules was begun as stated above.

There is no claim that title was retained to the mules, but the admitted facts show that appellee was the owner, and in possession of the mules. There was then considerable testimony about the amount of damages caused by taking the mules under order of delivery, but we do not deem it necessary to set out this testimony.

At the close of the evidence the court instructed the jury that the plaintiff had no right to maintain the action for the recovery of the mules, and directed the jury to return a verdict for the defendant for the mules in controversy; but the court also stated to the jury that, since the testimony showed the mules had been disposed of, and that the purchase price had not been paid, these two items would offset each other; but that, since the mules had been wrongfully taken, defendant was entitled to recover damages if he had sustained any.

The jury returned a verdict for $100 damages for the wrongful taking of the mules, and judgment was entered for this amount. Motion for a new trial was filed and overruled, and the case is here on appeal.

The evidence showed that appellee had begun the cultivation of his land, had broken his corn land, laid

it off, and planted it; had row-bedded the other land, a part of it twice.

Appellee and others testified about the damage for taking the mules, and about their reasonable rental value. The evidence as to the rental value of the team, and the damages caused by the wrongful taking, was competent.

Appellant contends that she had no right to make an agreement with appellee for him to keep the mules until fall; that this agreement could not be made without specific authority from the probate court, and relies on § 122 of Crawford & Moses' Digest, to sustain her contention. The section referred to is with reference to compromising a debt, and provides that the probate court' may authorize the administrator to compromise a debt due the estate, which cannot be realized in money.

The agreement testified to by appellee was not a compromise of the debt in any. sense. He wanted to turn the mules over to appellant, and he says she wanted him to keep them and feed them during the winter, and agreed that he might make another crop with them and pay in the fall, but there never was any agreement or suggestion about compromising the debt. Appellee did not deny that he owed the debt, and did not make any offer of compromise except he offered to deliver the mules to her, which she declined.

Appellant also calls attention to § 213 of Crawford & Moses' Digest, with reference to the personal liability of persons sued as executors or administrators. This section has no application to the facts in this case.

It was error for the court to set off the debt of appellee against the value of the mules. The statute provides: ''Where the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant may be for the return of the property or its value, in case a return cannot be had, and damages for the taking and withholding of the property.''

It would therefore have been proper for the court to direct the jury to return a verdict for the defendant for the return of the property or its value, and damages for the taking and withholding the property, if any had been shown by the evidence.

However, the appellee does not complain, and admits that he owes the debt, and there was no objection by appellee to this instruction of the court.

The appellant did not allege or prove either title to the property or the right to immediate possession, and, in order to maintain replevin for personal property, it is necessary to allege and prove both title and right to possession.

"Property in defendant is a good defense in an action of replevin, and this is ordinarily true, whether it be an absolute or a special or qualified property in the goods which are the subject-matter of the litigation." 54 C. J. 456.

In this case, the undisputed proof shows that title to the property was in the appellee, and that the appellant had no title. As said in a recent case: "Appellant might have maintained an action to establish and enforce a lien on the mules under the vendor's lien statute, after breach of the contract by appellee for the rental of the land, but the action of replevin will not lie. To maintain replevin, plaintiff must show title in the property, and a landlord's lien is not sufficient to sustain the action." *Laughlin v. Tyler,* 177 Ark. 1183, 9 S. W. (2d) 567; *Security Bank & Trust Co. v. Bond,* 132 Ark. 592, 201 S. W. 820; *Brown & Hackney, Inc., v. Lovelace,* 152 Ark. 540, 239 S. W. 21; *Passwater Chevrolet Co. v. Whitten,* 178 Ark. 136, 9 S. W. (2d) 1057; *Reavis v. Barnes,* 36 Ark. 575; *Knox v. Hellums,* 38 Ark. 413.

Replevin lies for the possession of specific personal property. Where one sells property and retains title, he may bring suit in replevin for possession of the property because he has title to it; but where one sells personal property without retaining title, he cannot bring suit

for the possession of the property, but his remedy is a suit against the vendee for the debt, and he may attach the property and cause it to be sold for the payment of the debt.

Suit was not brought in this case for the debt, but was brought to recover the specific property, and the trial court correctly held that the appellant had no right to recover in this action.

Appellant contends that the damages are excessive, but this question was not raised in her motion for new trial, and cannot therefore be considered by this court.

We find no error, and the judgment of the circuit court is affirmed.