ISABEL *v.* GENERAL MOTORS ACCEPTANCE CORPORATION.

4-4368

Opinion delivered October 12, 1936.

*John A. Fogleman* and *R. V. Wheeler*, for appellant.

*Dixon, Williams & Edmondson, Walter N. Killough* and *Elton A. Rieves, Jr.*, for appellee.

JOHNSON, C. J. This appeal comes from a judgment of the Cross circuit court wherein the appellants failed to appear and make defense. The suit was predicated upon a title retaining contract of sale and purchase. The complaint did not allege compliance with § 7403 of Crawford & Moses' Digest, requiring a verified itemized statement of account to be delivered before the suit is filed and this is the first question presented for consideration on appeal.

The suit was in replevin and damages for the wrongful detention were alleged to be $50, but a recovery of $250 was permitted by the trial court upon a trial to a jury and this is the second error alleged.

It was not necessary for plaintiff to deliver to the original defendant a verified itemized statement of account prior to the filing of the suit as required by § 7403

of Crawford & Moses' Digest for the reason that said statute applies only to mortgagors, mortgagees and those occupying that status and does not apply to vendors in conditional sales contracts or their assignees. The statute reads as follows: "Before any mortgagee, trustee or other person shall proceed to foreclose any mortgage, deed of trust (of) or to replevy under such mortgage, deed of trust or other instrument, any personal property, such mortgagee, trustee or other person shall make and deliver to the mortgagor a verified statement of his account, showing each item, debit and credit, and the balance due. Provided, if the mortgagor disposes or attempts to dispose of any of the property mortgaged, or absconds or removes from the county, such statement shall not be necessary."

This section of the statutes is § 2 of act 99 of 1893. The title to this act provides: "An Act to Regulate the Execution and Foreclosure of Mortgages on Personal Property, etc."

It will be observed that vendors in conditional sales contracts are not mentioned in the body of the act nor in the title thereof. The title to the act which may be resorted to to ascertain the legislative intent in doubtful cases, *Morrow* v. *Strait,* 186 Ark. 384, 53 S. W. (2d) 857; *Matthews* v. *Byrd,* 187 Ark. 458, 60 S. W. (2d) 909, restricts the application of the act to "mortgages" and also the proviso of the act limits its application to "mortgagors" and "property mortgaged."

The phrase, "or other instruments," as employed in the act and which lends color to appellants' contention that the act applies to conditional vendors is especially without force when the preceding language of the act is considered, namely: "before any mortgagee, trustee or other person shall proceed to foreclose any mortgage, deed of trust, etc."

Although not argued in briefs we will say in passing that the views here expressed are not in conflict with those entertained in *Passwater Chevrolet Co.* v. *Whitten,* 178 Ark. 136, 9 S. W. (2d) 1057, wherein we determined that § 8654a, Crawford & Moses' Digest, applied

to conditional sales vendors. This section is a part of act 158 of 1901, p. 303. This act has no proviso as does the act of 1893 and moreover, the title is not restricted to "mortgage" foreclosure as is the act of 1893.

In respect to the contention that the court erred in permitting a recovery for the wrongful detention of the property in a greater amount than the sum claimed in the original complaint, but little need be said. Appellants are the sureties upon the cross-bond executed by the original defendants in the action. By virtue of this obligation said defendant retained the property during the pendency of the suit. Section 8655 of Crawford & Moses' Digest authorizes a recovery by the plaintiff in replevin actions where a cross-bond has been filed by the defendant and his surety "for the value of the property and also damages * * * as the same may be found by the court or jury trying such cause." This language is amply broad to permit a recovery by a plaintiff in replevin where a cross-bond has been filed and property retained thereunder up to the date of the trial, and the trial court was correct in so deciding.

No error appearing, the judgment is affirmed.