## MAYOR AND ALDERMEN *vs.* JOHNSON.

In an action of debt on bail bond, the declaration must show, that the execution against the property and body of the defendant issued to the county in which bail was taken, and that it was returned unsatisfied in whole or in part, and that the defendant could not be found.

The bail is not liable, until the plaintiff shows that he has pursued the original parties and exhausted the means of making the money out of them.

DEBT, on bail bond determined in Pulaski, before the Hon. JOHN J. CLENDENIN, one of the circuit judes, in July, 1843. The Mayor and Aldermen of the city of Little Rock, for the use of the city, sued Johnson. The declaration states the filing of a declaration by the plaintiff in said court, against Sutton, Gray, and others, with an affidavit for bail writ, which was issued by the clerk, in vacation, properly endorsed. That Gray was arrested and gave bail with Johnson, as security, setting out the bond with requisite certainty. That such proceedings were had that judgment was obtained against Sutton and Gray; upon which and affidavit duly made *ca. sa.* issued, commanding the sheriff that of the goods and chattels, lands and tenements of Sutton and Gray, he cause to be made, &c.: and for want of, &c.: he was to take the body of Gray, and him safely keep, &c.: that the sheriff returned *nulla bona* and *non est* as to both Sutton and Gray. To this declaration Johnson demurred, which was sustained, and the plaintiff refusing to amend, final judgment went for Johnson. The case came here by writ of error.

*Cummins*, for plaintiffs. As to the objection that *ca. sa.* was irregularly taken out. Bail are strangers to the proceedings against principal, and can take no advantage of irregularities, unless they render the proceedings void. *Chalmondelay vs. Bealing*, 2 *Ld. Raym.* 1096. *Ball vs. Russell*, 2 *Ld. Raym.* 1176. 2 *Salk.* 602. *Choemby vs. Veal*, 6 *Mod.* 304. *Kerval vs. Topett*, 7 *Taunt.* 458. *Hayward vs. Ribbans*, 4 *East.* 316. *Clark vs. Baker*, 13 *East.* 273. *White vs. Blake*, 22 *Wend. R.* 612. *Stenor vs. Sornberger*, 24 *Wend. R.* 275. *Christie vs. Walker*, 1 *Bing.* 206. *Knight vs. Dorsey*, 1 *Bing.* 48. *Petersdorf on Bail*, 10 *Law Lib.* 198, &c. to p. 366.

*Hempstead & Johnson*, contra. The corporation could maintain no action against the bail without showing two things. First, That an execution against the property and bodies of the defendants in the judgment had been issued to the county where the bail was taken. And secondly, That it had been returned unsatisfied in whole or in part, and that the defendants could not be found in the county. Until these things are done, the statute peremtorily declares that "the plaintiff in the original suit shall not be entitled to bring any action or *scire facias* on the bail bond." They stand as a condition precedent, must be strictly performed before any right of action accrues, and according to the well settled rules of pleading, performance must be positively averred in the declaration and an omission to do so is fatal on demurrer, or where the judgment is by default, or in arrest of judgment. 1 *Chit. Pl.* 352. *Doug.* 686, 665. *Hatham vs. East Ind. Co.*, 1 *T. R.* 638. *Rev. Stat.* 624. *Fenis vs. Purdy*, 10 *J. R.* 359.

It appears on the face of the declaration by direct averment, that the execution contained a capias clause as to one of the defendants only, and did not authorize or require the arrest of the body of the other. This is fatal to the cause of action, because it shows that one of the positive conditions of the statute on which alone the right of suit depended had not been complied with. Whether the execution is void or voidable is immaterial. The question is, has the plaintiff complied with the statute? The contrary is shown by her own pleading; and if so, the demurrer was rightly sustained.

*By the court*, LACY J. The point to be decided here is, does the declaration show a good cause of action. The demurrer to it goes to defeat the plaintiff's right of recovery. Section 32, of chapter 116, of our Revised Statutes, declares that "the plaintiff in the original suit shall not be entitled to bring an action or *scire facias* on the bail bond until an execution against the property and body of the defendant, shall have been issued to the county in which the bail was taken and the same returned unsatisfied in whole or in part, and that the defendant could not be found within the county." The meaning of this section is clear and peremptory. The liability of the bail is alone fixed on the express condition that the plaintiff first pursues the original

debtors, and exerts all the means in his power to make the money out of him or them. He is bound to issue an execution against the property and body of the defendant or defendants, and have *nulla bona* and *non est* returned on the execution. Until he does this, he has no cause of action on the bail bond. The law holds him strictly to the performance of this precedent condition, or he must show a valid excuse for his omission. This the declaration in the present case does not aver. It states the execution of the bail bond, and the rendition of judgment against Gray and Sutton, and that a *fi. fa.* and *ca. sa.* issued against Gray, (for whom Johnson bound himself as bail), but the execution was only against the property of Sutton and not against his body. The return as to Gray was *nulla bona* and *not found*, and the like entry was made as to Sutton. But the latter part of the return as to the body of Sutton was irregular and contradicted by the execution. It contained no authority to take his body. The declaration does not show any sufficient excuse why the execution did not contain a clause of *ca. sa.* as to Sutton, and as that was a precedent condition, of course it is defective and cannot be sustained. For aught we can tell, had it contained such a clause, the seizing of the body of Sutton in execution would have brought the money and have exonerated the bail. Be that as it may, the plaintiff was bound to alledge that fact, or to aver some other matter that will excuse the averment. This view of the case dispenses with the necessity of determining the other questions raised by the transcript. Judgment affirmed.