C. M. JACKSON v. THE STATE OF KANSAS.

BASTARDY BOND, *When Not Satisfied.* A recognizance given under § 5 of ch. 47, Comp. Laws 1879, conditioned that defendant appear at the next term of the district court to answer the complaint, and not depart without leave, and abide the judgment and orders of such court, is not satisfied when the defendant appears at the court and remains in attendance during the trial, but requires that he comply with and perform the judgment that shall be rendered against him.

### Error from Greenwood District Court.

ACTION brought by *The State* against *Jackson* as surety on a recognizance for $300, given in a bastardy case. Trial at the August Term, 1882, of the district court, and judgment for the plaintiff. The defendant brings the case here. The facts appear in the opinion.

*G. C. Rogers,* and *Peyton, Sanders & Peyton,* for plaintiff in error.

*Z. Harlan,* county atttorney, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action brought on a recognizance given in a bastardy case. The case was tried by the court without a jury. Special findings of fact were made, as follows:

"The defendant was surety on a recognizance given in a bastardy case. The defendant in that case appeared in compliance with his recognizance, was tried and convicted. After a verdict of guilty was returned, the county attorney requested the court to order defendant to be taken into custody, which was done, by the court verbally requesting the sheriff to take charge of the defendant. This all occurred in open court. About one hour thereafter, defendant's counsel asked the court to order the defendant to be released, so that he could procure the bond required by the court to secure compliance with the judgment rendered against him, representing to the court that the bond he had given was am-

ple, and that he could easily procure the security required by the judge of the court, if at liberty. Upon inquiring as to the sufficiency of the bond on the recognizance, and on the recommendation of the county attorney, the defendant was released, and permitted to go upon his said recognizance. The surety, C. M. Jackson, resides in the city of Eureka, and was not present in court at the time of the presentation of the verdict; but, hearing of it soon afterward, started from his residence in said city, which was within two or three blocks of the court house, to go to the court house and surrender the defendant to the sheriff, thinking it unsafe to remain longer on his recognizance. Before reaching the court house, the surety was told by parties on the street that the defendant had been found guilty, and had been taken into custody by the sheriff on the order of the court, which was true at the time as above stated. The surety thereupon returned to his residence, and gave no further attention to the defendant. That night, after his release by the sheriff, as aforesaid, defendant fled. Next day defendant was called, and failing to answer, his recognizance was duly forfeited, and a record thereof duly entered. The surety had no actual knowledge of the defendant's whereabouts, or of any proceedings had in the case, after he heard that the defendant was in custody, as above stated, until after the forfeiture was taken and entered up. At the time of said forfeiture said surety was not present in court, to object or accept."

From these findings the court rendered judgment against the defendant, who now alleges error. The only point is, that by reason of the court's ordering the sheriff to take the defendant in the bastardy proceedings into custody, the surety was discharged; and it is argued that as the defendant appeared at the term, remaining in court until after the verdict, and then by the direction of the court was taken possession of by the sheriff, the obligation of the recognizance was annulled, and the surety released from further liability. In support of this the principal case cited is *The State v. Holmes, et al.*, 23 Iowa, 458. But we think that case is not in point, and that the ruling of the district court must be sustained. That was a recognizance in an ordinary criminal case, for the appearance of the defendant at the district court. The defendant failed to appear at the time, and the recognizance was

forfeited. A bench warrant was thereafter issued, and the defendant was arrested and brought into court. After he had been arrested and was in the custody of the officer, the forfeiture of the recognizance was set aside. After that, without any new recognizance being given, he was allowed to depart, and failing to appear when the case was again called for trial, a further forfeiture was attempted. In an action on the recognizance after this second forfeiture, the court held that the recognizance had fulfilled its purpose at the time of the first forfeiture, and when thereafter the defendant was arrested upon a bench warrant and was in the custody of the sheriff, the liability of the surety had ceased for the future appearance of the criminal. But in the case at bar, the recognizance itself differs from an ordinary criminal's recognizance: it is given not only to appear at the term of court and not depart without leave, but also that he will abide the judgment and order of the court. Now the word "abide," as used in the statute, means obedience, compliance. In *Hodge, et al., v. Hodgson*, 8 Cush. 297, Shaw, chief justice, in an action on a similar bond, uses these words:

" We have already said that the condition of the defendant's original obligation was to abide the final order of the court. To 'abide,' we think, as used in this statute, is to 'perform,' to 'execute,' to 'conform to,' such order. (*Taylor v. Hughes,* 3 Greenl. 433.)"

In that case, although it was not shown that a default had been entered of record, it was held that as the defendant had not complied with the orders of the court, an action could be maintained against his sureties. Sec. 5, chap. 47, Comp. Laws 1879, requires the recognizance to state, not merely that the defendant appear at the next term of the district court and not depart without leave, but that he abide the judgment and orders of the court. This case, under the authority just cited, requires a compliance with the judgment of the court, or else a liability will arise on the bond. That such is the scope of the obligation imposed by such a bond, is made more sure by § 13 of said act, which provides that upon a convic-

tion of the defendant, the court shall make such order for payment of money for the maintenance of the child as may seem just; and also shall require of defendant, if he be in custody, to secure the payment of such judgment by good and sufficient sureties, or in default thereof be committed to jail. This plainly implies that if he is not in custody, the surety on the bond already given is bound to see that the defendant complies with the order of the court.

We therefore see no error in the ruling of the district court, and its judgment will be affirmed.

All the Justices concurring.