### DUNCAN, TRUSTEE, v. OWENS.

REPLEVIN: *Liability of sureties in capias bond.*

The sureties in a bond executed to the sheriff for the release of a defendant arrested upon a *capias* in replevin, under *Sec. 5577, Mansf. Dig.,* are not liable for the judgment rendered against the defendant, unless an execution against the body of the defendant has been issued under *Sec. 284,* and returned "not found," under *Sec. 295.*

APPEAL from *Nevada.* Circuit Court.
Hon. L. A. BYRNE, Circuit Judge.

*Smoote, McRae & Hinton,* for Appellant.

We respectfully refer to our abstract and brief at large herein for full statement and argument, to which we respectfully ask the attention of the court.

We submit and insist that the demurrer, as to the first ground—defect of parties—was improperly sustained. Duncan, as trustee in the trust deed, properly brought the action in replevin. The judgment was in his favor as sole plaintiff and trustee. He had the right to the custody of the property for the purposes of the trust, and also to the custody of the alternative damages for the same purpose, upon failure to get

the property; therefore he had the right to sue the sureties on the bond, if, under the circumstances, an action would lie upon it at all. *Mansf. Dig., secs. 4933–36; Hunnicut v. Kirkpatrick, 35 Ark., 172; Williams v. State, 37 Id., 464; Haynes v. Butler, 30 Id., 69; Hanf v. Ford, 37 Id., 549.*

We further submit and insist that the demurrer on the second point was erroneously overruled. The question is whether (after the judgment in the action of replevin and return of execution thereon *nulla bona*,) Duncan, the trustee, can sue the sureties on the bond. The condition of the bond is to abide the judgment of the court and put in special bail if required. *Mansf. Dig., secs. 5574–77.* This constitutes both bail above and below. *Bouv. Law Dict., vol. 1, title Bail, pp. 180, 181; Ib., title Bail Bond, p. 1882; Ib., vol. 2, title Recognizance, p. 423.*

We further insist that this is a replevin bond and not an ordinary bail bond; that it is bail for the property the same as under *Sec. 5581, Mansf. Dig.;* and that upon failure to recover after judgment in replevin the sureties are liable on the bond.

The statute prescribing this bond is not the same as that providing for bail bond ordinarily in civil cases. *Sutton v. Hays, 17 Ark., 462. See body of opinion, p. 465.*

COCKRILL, C. J. The appellant, as the trustee named in a chattel mortgage with power of sale, sued out an order of delivery, with a capias clause, in an action of replevin against Owens, under *Sec. 5574 of Mansfield's Revised Statutes.* Owens was arrested, and afterwards released upon executing a bond with sureties, conditioned as required by *Sec. 5577, Ib.* He appeared to the action of replevin and made defense, but judgment was rendered in Duncan's favor for the recovery of the mortgaged property or its value, in the usual form in such cases. Execution for the return of the property or collection

of the damages assessed, was sued out and returned unsatisfied as to both. Duncan, the plaintiff in the replevin suit, then brought this action upon the bond executed for Owens' release, alleging in his complaint the facts here set forth.

A demurrer was interposed to the complaint, setting out, first, that there was a defect of parties plaintiff; and, second, that the complaint did not state facts sufficient to constitute a cause of action. The court overruled the demurrer as to the second ground, but sustained it as to the first; and, as the plaintiff declined to amend, dismissed the action, and the plaintiff appealed.

1. REPLEVIN: Liability of surety in capias bond.

The questions arising upon both branches of the demurrer are argued by counsel, but it is conceded that the first is unimportant, and the judgment of the court is right if the second ground of demurrer is well taken. The question thus presented is, what is the extent of the liability of the sureties on a bond executed to a sheriff for the release of a defendant arrested upon a capias in replevin.

As originally adopted, the Code of Civil Procedure contained no provision for the arrest of a defendant in an action of replevin. Arrest in civil actions for debt contracted in fraud and for the protection of sureties under given circumstances was authorized, and the procedure was governed by the provisions of the chapter under the title of "Arrest and Bail—Civil." When property claimed in replevin had been disposed of or concealed so as to prevent a delivery, the court was authorized to compel the attendance of the defendant, examine him upon oath, and punish him as in case of contempt for a disobedience of its orders. *Gantt's Dig., sec. 5046.* In 1875 this provision was repealed and the law now in force as to the arrest and release of a defendant in replevin was enacted. Upon the filing of the affidavit designated by the act, the clerk is directed to add a clause to the order of delivery " commanding the sheriff . . . . that if the property mentioned in the order

cannot be had, to take the body of the defendant so that he appear at the return day to answer the premises." *Sec. 5574, Mansf., Dig.*

Then follow these two sections: 5576—"If the property described in the order be removed or concealed so that the officer cannot make delivery thereof he shall (when the order contains a capias clause) arrest the body of the defendant, and hold him in custody in the same manner as in a *capias ad respondendum* in a personal action, until he shall execute the bond prescribed in the next section, or be otherwise legally discharged." 5577—"The defendant shall be entitled to be discharged from such arrest at any time before final judgment had in the cause, upon executing to the officer who shall have made such arrest, with the addition of his name of office, a bond in a penalty of at least double the value of the property described as sworn to in the affidavit, with such security as shall be approved by such officer, conditioned that such defendant shall abide the order and judgment of the court in such action, and that he will cause special bail to be put in if the same shall be required."

If we look to no other provision of the law than that which prescribes the condition of the bond to be that the defendant shall abide the order and judgment of the court, then the bond must be adjudged an unconditional promise to perform whatever judgment the court may render in the action. *Jackson v. State, 30 Kans., 88.* But when viewed in the light of other provisions of the same act and the other acts upon the same subject, can that be said to be the obligation the sureties have assumed?

The object of the defendant's arrest is declared in *Section 5574, sup.*, to be to compel his attendance at the return day of the order, and the capias is made returnable as other orders of arrest in civil cases. It is also provided that the defendant, when arrested, shall be held as upon a *capias ad respondendum*,

and may be required after his release upon bond to the sheriff to enter into *special bail*.    Special bail is nowhere else mentioned in our procedure and it is necessary to recur to the common law practice to ascertain what special bail is.

When a defendant was arrested on civil process at common law, he could be released on bail by giving bond to the sheriff for his appearance to the action.    This was termed appearance bail or bail below.    The writ upon which the arrest was made and which was the sheriff's authority for demanding bail, was the *capias ad respondendum* that is referred to in *Section 5576, supra*.

The appearance contemplated by the bond to the sheriff for release from custody under this writ, was not necessarily an actual appearance in person, but could be effected by putting in new bail above, that is before the court or a judge, and this was called bail to the action or special bail.    When the defendant thus appeared to the action, the liability of the appearance bail was ended.    The condition of the special bail bond was, in substance, that the defendant would pay the debt or surrender his body in execution, or that the bail would do it for him.    If the bail surrendered the defendant before a return of *non est inventus* on the *capias ad satisfaciendum*, the condition of the bond was satisfied.

These ancient regulations, about which the practice became complicated, no longer exist, but the statutes upon arrest and bail in civil cases, confined as they are to a limited field, are derived from and are akin to the common law practice, and a knowledge of the old system sheds light upon the intention of the legislature in passing the acts that give us this relic of it.    The bond to the sheriff, required by the statute for the release from custody of a defendant in replevin, corresponds to, and was evidently intended to serve the purpose of, the appearance bond or bail below at common law.    The condition of the statutory bond, however, is broader than the liability

assumed by the appearance bail under the old practice. It is that the defendant shall abide the order and judgment of the court.

The effect of this condition, as interpreted by Chief Justice Parsons, (the Massachusetts statute requiring a like condition,) is that the bond stands for special bail, as well as below, when special bail is not required, as it may be under our statute when the court so orders. *Champion v. Noyes, 2 Mass., 481.* See too, *Harrington v. Dennie, 13 Ib., 92; Pierce v. Read, 2 N. H., 359; Hale v. Russ, 1 Greenl. (Me.), 336; Saunders v. Hughes, 2 Bail. (S. C.), 504; DeMeyer v. McGonegal, 32 Mich., 120; Wilcox v. Ismon, 34 Ib., 268.*

But the cases determined under statutes requiring a similar condition in the bond for release, agree that the condition of the bond is not broken until there has been a return of *non est inventus* on the *capias ad satisfaciendum*. Authorities *supra*. This court reached the same conclusion in the case of *Chandler v. Byrd, 1 Ark., 152*, determined under a statute authorizing the arrest of a defendant in detinue, and requiring a bond to effect his release conditioned that the defendant or his bail shall pay the judgment that might be rendered against him. The case is authority in point upon the questions now presented. But having once determined that the obligation sued on is a bail bond, all doubt as to the necessity of such a return is removed by the statute, for it is provided that " upon judgments in actions in which the defendant has been arrested and held to bail, and in which the order of arrest has not been vacated, an execution against the body of the defendant may issue." *Mansf. Dig., sec. 284.* And again: " A return of 'not found' upon an execution against the body of the defendant, placed in the hands of the sheriff of the county in which he was arrested, twenty days after it might have issued upon the judgment, shall be necessary to fix the liability of the bail, which

shall be to pay the amount of the judgment and costs." *Ib.,* sec. *295.* See *Mayor v. Johnson, 5 Ark., 691.*

These provisions are general; they are upon the same subject as the act under question, and they must all be construed so as to make one harmonious whole. " This rule of construction is especially applicable to the law of procedure; each act is passed with reference to the general law upon the same subject; the whole system is construed together, and the statute combines and operates with the entire law of which it becomes a part." *State v. Sewell, 45 Ark., 387.*

There was no allegation of the issue of execution against the person of the defendant in the replevin suit and return of not found, and so the complaint set forth no cause of action, and the judgment is affirmed.