O'BRIEN *v.* ALFORD.

## Opinion delivered September 28, 1914.

1. REPLEVIN—DELIVERY BOND.—In an action in replevin, where the defendant executed a bond "to abide the order and judgment of the court" with other stipulations, the bond, although not in the wording of the statute, *held* sufficient in terms to constitute a delivery bond wihin the meaning of Kirby's Digest, § § 6863 and 6870.

2. REPLEVIN—DELIVERY BOND—WORDING.—The statute does not prescribe any set form of words for a delivery bond, and conditions named therein, not required by the statute, may, where severable, be treated as surplusage.

3. DELIVERY BOND—SUMMARY JUDGMENT.—A summary judgment may be rendered in the trial court against the sureties on a delivery bond.

Appeal from Mississippi Circuit Court, Chickasawba District; *W. J. Driver,* Judge; affirmed.

### STATEMENT BY THE COURT.

Appellees sued W. F. DeLong to replevy a promissory note. The order of replevin contained a capias clause, under which DeLong was taken into custody. DeLong executed the following bond:

"We undertake and are bound to J. E. Roberts, sheriff of Mississippi County, Arkansas, and to J. T. & M. M. Alford, plaintiffs herein, in the sum of eighteen hundred dollars, that the defendant, W. F. DeLong shall abide the order and judgment of the court in this action, and that he will deliver to the plaintiffs the property sought to be replevied in their complaint or in lieu thereof will pay to them the value of said property as the court may direct, if the plaintiff prevails in this action, and that said defendant, W. F. DeLong, shall render himself amenable to the order of the court, and that he will not depart from said court without exoneration from this bond and the order of the court.

(Signed)  "W. F. DeLong,
"C. H. Hawkins,
"Zeph O'Brien."

This bond was signed by the appellants as sureties for DeLong. Appellees obtained judgment against De-Long for the amount of the note sued for, ''or for the value of said note should defendant fail to deliver same to plaintiff, which value the court finds to be $900, with 8 per cent interest thereon from December 14, 1912, until paid.''

At a subsequent term of the court, appellees moved the court to render judgment against the appellants as sureties on the bond of DeLong, and the court, after finding that appellees had been unable to collect their judgment against DeLong, proceeded to render judgment against the appellants for $900, with interest at 8 per cent per annum from December 14, 1912, until paid, and for costs.

Appellants caused a writ of *certiorari* to be issued from this court to quash the judgment against them.

*Appellants, pro se.*

The judgment is void, (1) because the bond was taken pursuant to section 6859, Kirby's Digest, and is, therefore, a bail bond. The sureties would not be bound unless an execution had been issued against the body of the defendant and returned ''not found.'' Kirby's Digest, § § 315-326; 1 Ark. 152; 47 Ark. 388. (2) Because it is not a statutory bond for the retention of property. The conditions are not similar to the *one* required by section 6863, Kirby's Digest. 78 Ark. 237.

*Appellees, pro se.*

The bond in question is a substantial compliance with the statute, and that is all that is required. 40 Ark. 433; 10 Ark. 89; 14 Ark. 229; 97 Ark. 553; 5 Cyc. 747.

Where the statute prescribes what the substance of a bond shall be, without prescribing the form, the fact that the bond contains conditions in excess of those prescribed, will not render it void, but such conditions. where severable, may be rejected as surplusage, and the instrument will be valid, as to those which comply with the statute. 5 Cyc. 748; *Id.* 756; 76 Ark. 415.

WOOD, J., (after stating the facts). The only question on this appeal is whether or not the court erred in finding that the bond set out above is a statutory bond as prescribed by section 6863, of Kirby's Digest, which provides that the defendant "may cause a bond to be executed to the plaintiff in the presence of the sheriff by one or more sufficient sureties in double the value of the property to be affected that the defendant shall perform the judgment of the court in the action."

(1) The bond under consideration is sufficient in terms to constitute a delivery bond within the meaning of sections 6863 and 6870, of Kirby's Digest.

The appellants contend that the bond under consideration is a bail bond, executed under the authority of sections 6858 and 6859, of Kirby's Digest. These sections provide that when the defendant in replevin has been taken into custody, he may be discharged "upon executing to the officer," having him in custody "a bond in a penalty of at least double the value of the property, * * * conditioned that such defendant shall abide the order and judgment of the court in such action, and that he will cause special bail to be put in if the same be required."

The bond under consideration was not executed to the officer, and was not made to protect him in case the defendant made his escape, and was not present to abide the order and judgment of the court, and was in no sense a penal bond as provided under sections 6858 and 6859. It did not contain all the conditions required by the latter of the above sections. But the bond was executed to the plaintiffs (appellees here), and does contain the conditions essential for a delivery bond as prescribed by section 6863, *supra*. That section prescribed that the bond shall contain a provision "to the effect that the defendant shall perform the judgment of the court in the action."

(2) True, the bond under consideration contains more provisions than are necessary in order to fulfill the requirements of a statutory delivery bond, but that does not render the bond invalid. The statute does not pre-

scribe any set form of words for the delivery bond and the conditions not required may be treated as surplusage where they are severable, as they are in the present case, from the conditions which the statute requires. 5 Cyc. p. 748. See, also, *State* v. *Smith*, 40 Ark. 431-433.

In the sense in which the terms "to abide the order and judgment of the court" are used in the bond under consideration, they mean the same as the terms "to perform the judgment of the court," as prescribed by section 6863, *supra*. This would not be the case, of course, but for the other language used in the bond. In *Duncan, Trustee,* v. *Owens,* 47 Ark. 388, we held that these terms, when employed in connection with the capias clause of our statute in replevin constitute a bail bond as specified by sections 6858 and 6859, *supra*. See, Black's Law Dictionary, p. 7; Words & Phrases, vol. 1, p. 16; Anderson's Law Dictionary, p. 6, and cases cited in notes 1 and 2. See, also, *John Erickson* v. *F. A. Elder, et al.,* 34 Minn. 370; *C. M. Jackson* v. *State of Kansas,* 30 Kan. 88; *Hodge & Wife* v. *Hodgdon,* 8 Cush. (62 Mass.) 294.

(3) But, in the bond under review, the other language "he will deliver to the plaintiffs the property sought to be replevied, or in lieu thereof will pay to them the value of said property as the court may direct," shows that the purpose of the obligor and sureties was to execute a delivery bond, and this, with the other language, is sufficient to meet the requirements of the statute as a delivery bond. This language being used by the obligor and by appellants, his sureties, it is our duty to hold that it constitutes a delivery bond in compliance with the statute. See, *Crawford* v. *Ozark Ins. Co.,* 97 Ark. 549.

The court, therefore, did not err in rendering judgment summary against appellants under section 6870, of Kirby's Digest. The judgment of the circuit court is affirmed.