## DANIELS *v.* WAGNER.

### Opinion delivered December 11, 1922.

1. REPLEVIN—BAIL BOND.—Where a defendant in replevin, being arrested under a capias clause, executed a bond for her discharge under Crawford & Moses' Dig., § 8645, stipulating that she would abide and perform the judgment of the court, such bond is a bail bond, and not a bond for the delivery of property, and a recital in the bond that it is for the use and benefit of the plaintiff is mere surplusage, and would not change its character to that of a delivery bond.

2. BAIL—REMEDY ON BOND.—In the case of a bail bond in replevin, there must be an execution issued, and a return made against both defendant's property and person of *nulla bona* and *non est inventus* before plaintiff is entitled to recovery against the sureties on the bail bond.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*Coleman, Robinson & House,* for appellants.

This was a bail bond under section 8645, Crawford & Moses' Digest. Appellee did not follow the provisions of chapter 7 of Crawford & Moses' Digest to fix liabil-

ity. An execution with command to take the body of defendant and a return of *non est* must be had before the bondsmen can be held liable. 47 Ark. 388; 5 Ark. 691. The nature of the bail bond is not affected by naming the plaintiff as obligee instead of the officers. 6 Me. 229. Decisions construing delivery bonds are not in point here. 114 Ark. 257.

*J. A. Comer* and *Cohn, Clayton & Cohn,* for appellee.

This case is ruled by 114 Ark. 257. The bond in the present case contained all the requirements of a delivery bond and a bail bond, except that it is not made to the sheriff to protect him, but was made to him for the use and benefit of the plaintiff. Under the above case it was a delivery bond, and the fact that other conditions were inserted would not change its nature. It cannot be held to be a statutory bail bond. 82 Ark. 407. It would be a vain act not required by law to have execution against the body of defendant after the sheriff had stated in his return that he had made diligent search and had failed to find her.

WOOD, J. Appellee instituted an action against Mrs. Lee Redler, to recover the possession of a seven-diamond cluster ring alleged to be of the value of $450. Mrs. Redler was arrested under the provisions of §§ 8642 and 8644 of Crawford & Moses' Digest. She executed the following bond, under provisions of § 8645, C. & M. Digest:

"We, the undersigned, acknowledge ourselves to be indebted to W. E. Taylor, sheriff of Pulaski County, Arkansas, for the use and benefit of M. O. Wagner, in the sum of nine hundred ($900) dollars, conditioned as follows:

"Whereas, Mrs. Lee Redler has been taken into custody under a writ of replevin containing a capias clause, and desires to execute a bond for release, as provided in § 8431, Kirby & Castle's Digest. Now, if she will abide the order and judgment of the court of the above entitled action, and cause special bail to be put in and the

same be required, then this bond shall be null and void, otherwise remain in full force and virtue."

The bond was signed by Mrs. Lee Redler as principal and by Joe Daniels and M. J. Sullivan as sureties, and Mrs. Redler was released from custody.

At the trial of the action in replevin the appellee recovered judgment for the possession of the ring, and, in the alternative, for its value in the sum of $350. An execution was issued at the instance of the appellee commanding the sheriff "to have of the estate" of Mrs. Redler the amount of the money judgment recovered by the appellee against her. The return on the execution was as follows:

"This writ came to hand on May 20, 1921, and after diligent search I failed to find the within-named Mrs. Lee Redler, and after diligent search I have failed to find any property belonging to the defendant subject to execution. This writ is therefore returned wholly unsatisfied. At said county as therein commanded." Signed by the deputy sheriff.

Appellee then instituted this action against the appellants, setting up the bond in replevin and the proceedings as above set forth, and alleged that she had neither received the ring nor the value thereof, and that her judgment in replevin therefore was wholly unsatisfied, and prayed for judgment against the appellants in the sum of $350, the amount of her judgment in replevin.

The appellants entered a general demurrer to the complaint, which was overruled. Appellants then answered, admitting the proceedings in replevin as set forth in appellee's complaint, and set up that the bond upon which appellee's action was predicated was a bail bond; that appellants had offered to deliver the person of Mrs. Redler to the sheriff of Pulaski County in fulfilment and discharge of the provisions of the bond; that the sheriff's office advised the appellants that the execution in his hands was for the property only, and that it did not want the person of Mrs. Redler; that the appellants at all times had been ready and willing to deliver

Mrs. Redler to the sheriff of Pulaski County, or produce her in court, if so required, and had so notified the appellee and the sheriff to that effect.

In addition to the exhibits of the appellee's complaint, she introduced the pleadings in the action in replevin, and the appellants introduced testimony tending to prove the allegations of their answer to the effect that, after judgment was obtained against Mrs. Redler and before execution was issued, and thereafter, they offered to surrender Mrs. Redler at any time, in fulfilment and satisfaction of the requirements of their bond. The testimony tended to show that the appellants' attorney was advised by the attorney for the appellee when the execution was issued, and that the appellants' attorney then went to the sheriff's office and examined the copy of the execution, and thereupon advised the sheriff's office that the bondsmen were ready to surrender Mrs. Redler whenever it desired her, and that the sheriff's office did not make any request for her, and she was therefore not delivered to the sheriff.

By consent of the parties the cause was tried by the court sitting as a jury, and judgment was rendered in favor of the appellee against the appellants in the sum of $364.64, from which judgment is this appeal.

1. The bond upon which this action is founded and upon which appellee obtained her judgment follows substantially the requirements of § 8645, C. & M. Digest, and was a bail bond. Under the facts of this record the trial court construed it otherwise, and in so doing erred.

The appellee contends that the judgment in her favor should be sustained under the authority of *O'Brien* v. *Alford,* 114 Ark. 257, but the language of the bond in that case is entirely different from the language of the bond under review. In *O'Brien* v. *Alford,* the bond contained the provision that the "defendant, M. F. Long, shall abide the order and judgment of the court in this action, and that he will deliver to the plaintiffs the property sought to be replevied in their complaint, or, in lieu thereof, will pay to them the value of said property, as

the court may direct.'' In the present case the bond reads: ''Whereas, Mrs. Lee Redler has been taken into custody under a writ of replevin containing a capias clause, and desires to execute a bond for release, as provided in § 8431, Kirby & Castle's Digest. Now, if she will abide the order and judgment of the court of the above entitled action, and cause special bail to be put in and the same be required, then this bond shall be null· and void. * * * '' Section 8431 of Kirby & Castle's Digest, referred to in the bond, is the same as § 8645 of Crawford & Moses' Digest.

It will be observed that the words ''will abide the order and judgment of the court in this action'' are practically the same in both cases, but they are used in entirely different connections. The context is wholly different. In *O'Brien* v. *Alford, supra,* the defendant bound himself to ''abide the order and judgment of the court in the action and to deliver to the plaintiffs the property sought to be replevied,'' etc. Here the defendant bound herself to ''abide the order and judgment of the court and cause special bail to be entered, if the same be required.'' The bond also in the present case contains the express provision showing that Mrs. Redler, the defendant, ''desired to execute the bond for release,'' according to the provisions of the statute providing for the discharge of the defendant from arrest. In *O'Brien* v. *Alford, supra,* we said: ''In the sense in which the terms 'to abide the order and judgment of the court' are used in the bond under consideration, they mean the same as the terms 'to perform the judgment of the court' as prescribed by § 6863, *supra.* This would not be the case, of course, but for the other language used in the bond. In *Duncan* v. *Owens,* 47 Ark. 388, we held that these terms, when employed in connection with the capias clause of our statute in replevin, constitute a bail bond as specified by §§ 6858 and 6959, above.''

In the case at bar the words ''will abide the order and judgment of the court in the above entitled action'' are employed in connection with the capias clause. In

the bond the obligors (appellants) acknowledge themselves to be indebted to W. E. Taylor, sheriff, "for the use and benefit of M. O. Wagner." The bond was thus made payable directly to the sheriff, and was for his protection in case the defendant in replevin failed to surrender herself. The words, "for the use and benefit of M. O. Wagner," could not have the effect of changing the character of the bond from a bail to a delivery bond. The entire procedure under the capias clause of the replevin statute, *supra,* and providing for the discharge of the defendant, is, in a certain sense, for the benefit of the plaintiff in replevin. See *Pease* v. *Norton,* 6 Me. 229. The sheriff has no personal interest in the proceedings. The words "for the use and benefit" are not employed in the statute providing for the discharge of the defendant, and the addition of these words in a bond executed to the officer in his name, with the addition of the name of his office, could not, as we have said, have the effect of changing the character of the obligation from a bail to a delivery bond. The words "for the use and benefit of M. O. Wagner," added after the name of the sheriff, were not essential under the statute to give validity to the bail bond, and these words, in connection with the other language of the bond, do not show that it was the intention of the parties to constitute a delivery bond instead of a bail bond.

We conclude therefore that this bond is a bail bond under the provisions of § 8645, Crawford & Moses' Digest, and not a delivery bond under the provisions of § 8649, Crawford & Moses' Digest.

2. Being a bail and not a delivery bond, the next question is, was the appellee entitled to judgment against the appellants on the bond? After the judgment in replevin was entered, the appellee had an execution issued which commanded the sheriff as follows: "That of the estate of Mrs. Lee Redler you cause to be made the sum of $350 which M. O. Wagner lately in our circuit court recovered against Mrs. Lee Redler," etc. Under our statute (§ 454, C. & M. Digest) there could not be

any liability on the bail bond under consideration until an execution had been issued against the body of Mrs. Redler and the return made thereon that she could not be found. In this case the execution itself shows that it was not directed against the body of Mrs. Redler. Furthermore, the undisputed testimony shows that, after the judgment was rendered against Mrs. Redler and before, as well as after, the execution was issued, appellants offered to surrender her to the sheriff. The return of the sheriff on the execution recites that "he was unable to find the within Mrs. Lee Redler," but this return was not called for by the execution in the sheriff's hands, and must therefore be treated as surplusage. The execution itself shows that the appellee was not proceeding against the person of Mrs. Redler, as it was only issued against her property. But it was essential to recovery on the bail bond that the execution be issued against both her property and person and that the return of *nulla bona* and *non est inventus* be made on the execution before appellee was entitled to recovery against the appellants. *Mayor and Aldermen* v. *Johnson*, 5 Ark. 691; *Duncan* v. *Owens*, *supra*. In the above cases we hold that, before there can be a recovery on a bail bond, there must be a *capias ad satisfaciendum* issued and a return thereon of *non est inventus*.

In the case at bar no showing was made by the appellee as to why the execution was not issued against the person of Mrs. Redler. On the contrary, the undisputed testimony shows that, if such an execution had been issued, she would have been surrendered by the appellants in obedience thereto.

The judgment in favor of the appellee against the appellants is erroneous, and the same is therefore reversed, and the cause remanded for a new trial.