## JONES *v.* KEEBEY.

Opinion delivered June 25, 1923.

1. REPLEVIN—NECESSITY OF DEMAND.—Demand is a prerequisite to an action of replevin where the defendant does not deny the plaintiff's right to possession and will not contest same, but does not have possession of the article, either actual or constructive, so that it is out of his power to deliver same.

2. REPLEVIN—NATURE OF ACTION.—As replevin is not an action for the collection of money, but is an action for the recovery of specific personal property, an answer denying that defendant has possession, either actual or constructive, *held* to state a good defense.

3. REPLEVIN—BAIL BOND—LIABILITY.—Where a defendant in replevin, arrested under a capias clause, executed a bail bond under Crawford & Moses' Dig., § 8645, it was error to enter judgment against defendant and his bondsmen if he established that the property was not in his possession, either actual or constructive.

Appeal from Woodruff Circuit Court; *J. M. Jackson,* Judge; reversed.

*W. J. Dungan,* for appellant.

Demand of return of the property was necessary before bringing of the suit. 23 R. C. L. 888. Action of replevin cannot be maintained unless property involved be in possession or under the control of the defendant. 23 R. C. L. 874; 82 Ark. 362. The court erred in rendering judgment against appellant and his sureties, because his answer stated an equitable defense that should have been heard. 70 Ark. 505. Impropriety of conduct of plaintiff's attorney, Dungan, in procuring the bond. 1 R. C. L. 763, par. 6; 46 Ark. 302; 9 R. C. L. 718, par. 8. 726, par. 16. Bond has never been placed in the record nor was it put in evidence. If it was a bail bond the conditions have been performed.

*Melbourne M. Martin,* for appellee.

No demand was necessary before bringing suit. 66 Ark. 219. The answer shows a demand would have been futile. Appellant was in possession of the ring. 31 Cyc. 924-927; 82 Ark. 362. Admitted it was delivered into

his possession and that he executed notes for balance due with title retained by appellee. No equitable defense was interposed, nor was there a motion made to transfer to equity. The statute provides for summary judgment on the bond. The statement that plaintiff was actuated by malice and that conversion was attempted or employed is utterly unwarranted.

*W. J. Dungan,* in reply.

The case cited by appellee, *Triplett v. Rugby Distilling Co.,* 66 Ark. 219, supports our contention that a demand was necessary. 23 R. C. L. 876, par. 28. We have brought the bond into the record, and it is merely a bail bond, and the court erred in rendering judgment on it. Appellant had the right to have the issue submitted to a jury.

WOOD, J. This is an action by the appellee (plaintiff below) against the appellant (defendant below) to recover possession of a diamond ring No. 1268, stone weighing 1.17 carats, mounted in platinum, hexagon top, ladies' fancy ring, of the value of $1,000. An order of delivery and summons with capias was issued, and returned "duly served by delivering a copy and stating the substance thereof to the within named Reece Jones, and, failing to find said property, have released said Reece Jones, upon his giving bond, as required under § 8645, Crawford & Moses' Digest, as herein commanded." The bond executed by Jones was in the sum of $2,000, and conditioned that Jones "shall abide the order and judgment of the court in the above entitled cause, and that he will cause special bail to be put in if the same be required."

An answer was filed by Jones, in which he admitted that the appellee was the owner of the ring and was entitled to the immediate possession thereof. Appellant denied that he unlawfully detained the ring or that he was concealing it to defeat the action, and denied that the appellee was entitled to any damages against him for the wrongful detention of the ring. He alleged

the facts to be as follows: That Miss Elizabeth Aubrey, with the knowledge and consent of plaintiff, took possession of the ring and kept possession at all times. Afterwards defendant married Miss Aubrey and lived with her eight months, when she went back to Little Rock. Defendant immediately notified the plaintiff. He tried to get the ring for plaintiff, and tried to get plaintiff to recover the ring, telling plaintiff where it was. Plaintiff knew that defendant was trying to get the ring and could not. Plaintiff then made a false affidavit to the effect that the defendant was concealing the ring, and had the defendant arrested, and had him and his mother, brother and uncle coerced into making a bond to prevent defendant from going to jail. The defendant prayed that the bond be canceled, and that the complaint be dismissed.

The bill of exceptions recites that, "on oral motion of plaintiff for a judgment on the record or pleadings, the court found that the answer set up no defense to the complaint, and granted plaintiff's motion for judgment, after the introduction of two notes filed as a basis for the action. To which action of the court in granting said motion the defendant at the time objected and saved his exceptions." The notes introduced were notes for $408.75 each, executed by R. W. Jones and James E. Hyatt. It is recited in the notes that they were given for the purchase price of the diamond ring, describing it as in the complaint; that the ring was delivered to the maker of the notes with the understanding and agreement between the maker of the notes and R. W. Jones that the title of the property is and shall remain in the name of P. G. Keebey until the indebtedness is paid in full. The notes further recited that, in the event of default in payment of one of the notes, all should become due November 1, 1921.

The judgment recited that the answer showed that the plaintiff was the owner and entitled to the possession of the property sought to be recovered, or its value,

"and, the plaintiff having in open court waived all and every right and claim for the recovery of damages from defendant for the detention of the property hereinafter referred to, it is by the court considered, ordered and adjudged that plaintiff have and recover of and from defendant and of and from Mrs. Blanche Jones, Egbert Jones, and B. F. Jones, sureties upon the forthcoming bond herein given by defendant, the possession of the diamond ring described as in the complaint, and that, in case delivery thereof cannot be had, he shall recover of and from defendant and said sureties the sum of $817.50, together with interest at the rate of eight per cent. per annum from the sixth day of December, 1920, to the date of said payment."

The appellant filed his motion for a new trial, the fourth ground of which is "that the court erred in finding that the answer filed herein stated no defense, and in granting a peremptory judgment for plaintiff, and in depriving defendant of a trial by jury, over his protest." This motion was overruled, and the appellant prosecutes this appeal.

The court erred in rendering a judgment on the pleadings in favor of the appellee. The appellant should have been allowed to prove the allegations of his answer, and these allegations, if proved, would have constituted a defense. The court disposed of the cause as if on demurrer to the answer. The allegations of the answer show that the ring was neither in the actual or constructive possession of the appellant. The appellant admitted that the title to the ring was in the appellee; that the appellant had delivered the possession of the ring to Miss Aubrey, his prospective wife, as an engagement ring; that, after they were married, appellant's wife lived with him for eight months, and then returned to Little Rock, where she lives with her mother; that appellant notified the appellee that he was not able to pay for the ring, and notified the appellee that the ring was in the possession of his wife in Little Rock; that

appellant, after making honest efforts, was unable to get possession of the ring, all of which appellee knew, and appellant requested appellee to recover the possession of the ring from Mrs. Jones by legal proceedings, if necessary.

To be sure, if the possession which appellant alleged to be in his wife was collusive, then the appellant, to whom the possession was delivered, would still be in the constructive possession of the property, and the action would lie. But the allegations of the answer do not justify the conclusion, as a matter of law, that appellant entered into a collusion with his wife whereby she was to retain possession of the property and thereby defeat an action of replevin, if one should be brought against the appellant, by asserting that the possession was in his wife. On the contrary, the allegations of the answer show that the appellant had made many honest efforts to get possession of the ring for the appellee, but that he was unable to succeed; that he was unable to pay for the ring, and was willing for the appellee to have the ring. Under these circumstances it occurs to us that the cause should have been sent to the jury on the issue of fact as to whether or not the appellant had actual or constructive possession of the ring.

The allegations of the complaint do not show that any demand was made upon the appellant before the institution of the action, and the allegations of the answer show that, if demand had been made upon him for the possession of the ring before the institution of the action, he would have made every effort in his power to deliver possession of the ring to the appellee, and would not have contested his right to such possession. When the facts show that a defendant in replevin does not deny the right of the plaintiff to the possession and will not contest the same, but he does not have the possession of the article, either actual or constructive, so that it is out of his power to deliver the same, then

the plaintiff at least should make demand upon the defendant and give him an opportunity of surrendering possession before haling him into court and subjecting him to the harassment of a lawsuit. As is said in *Triplett* v. *Rugby Distilling Co.,* 66 Ark. 219, "Demand is necessary only when the defendant would not deny or contest the plaintiff's right to recover. The defendant in such a case should have the opportunity of surrendering that which the plaintiff claims, without being subjected to the annoyance and expense of a lawsuit."

The mere fact that the statute provides for the alternative recovery in damages is not sufficient to justify the bringing of an action against the defendant who is not in possession. See note to *Andrews* v. *Hoeslech,* 18 L. R. A. (N. S.) 1265-75, and other cases there cited. In *Dow* v. *Dempsey,* 21 Wash. 86, it is said: "The primary object of the action of claim and delivery, under the Code, is to recover the possession of personal property *in specie;* and the gist of the action is the wrongful detention of the property by the defendant. In such an action it is necessary for the complainant, in order to state a cause of action, to allege that the property, recovery of which is sought, is wrongfully detained by the defendant. * * * And a failure to prove the allegation must of necessity be a fatal variance. True, the action has as its secondary object the recovery of the value of the property in case delivery cannot be had, but the purpose of this is to prevent the action from becoming fruitless or ineffectual by reason of the property being lost, destroyed, or disposed of by the holder after action brought. It never becomes the primary object of the action, nor does it change the action into one for damages for the tortious taking and conversion of personal property." See also *Casey* v. *Scott,* 82 Ark. 364. The action of replevin is not for the collection of a debt, but it is a possessory action for the recovery of specific personal property. *Carpenter* v. *Ingram,* 77 Ark. 299; *Eaton* v. *Langley,* 65 Ark. 448; *Spear* v. *Ark-*

*ansas National Bank of Hot Springs,* 111 Ark. 29; *Bowser Furniture Co.* v. *Johnson,* 117 Ark. 496.   Treating the allegations of the answer as true, they do not show that the appellant is unlawfully detaining the ring.

2.   The court likewise erred in directing judgment to be entered against the appellant and his bondsmen. The order of delivery contained a capias clause, and the allegations of the answer were sufficient to show that the appellant was arrested under the provisions of §§ 8642 and 8644 of Crawford & Moses' Digest, and executed bond pursuant to § 8645 of Crawford & Moses' Digest, which was a bail bond.   Such being the case, the trial court erred in rendering a summary judgment on this bond.   *Daniels* v. *Wagner,* 156 Ark. 198. The judgment is therefore reversed, and the cause remanded for a new trial.