JONES *v.* KEEBEY.

Opinion delivered March 2, 1925.

1. SALES—AGREEMENT TO WAIVE RETENTION OF TITLE.—If there was an agreement, otherwise valid, for the relinquishment of a seller's retention of title, the effect of this agreement would not be obviated by the fact that the seller erroneously believed that the purchase money was secured by a bond given in an action by the seller against the purchaser.

2. SALES—CONDITIONAL SALE—WAIVER.—A seller of chattels retaining title until paid did not waive his title as to a transferee by suing the purchaser to recover possession, such action not being

inconsistent with a subsequent action against the transferee for possession of the chattels.

3. SALES—CONDITIONAL SALE—ELECTION OF REMEDIES.—The fact that a seller sued the purchaser for possession of chattels of which the title was retained, instead of the purchaser's wife to whom the chattels had been transferred, did not constitute an election of remedies, nor preclude the seller from subsequently suing the wife.

4. SALES—AGREEMENT TO WAIVE RETAINED TITLE—CONSIDERATION.—A seller's agreement to waive title retained as security for payment of the purchase price of chattels which the purchaser gave to his wife, upon the wife's agreement to hold possession of the property and not to return it to the purchaser, held without consideration.

5. APPEAL AND ERROR—HARMLESS ERROR.—The error of instructing that a seller would not be bound by an agreement to waive the title to chattels sold to a purchaser and by him given to his wife, if the seller believed that he was secured by a bond excuted by the purchaser, held harmless where such agreement was without consideration.

Appeal from Sebastian Circuit Court, Ft. Smith District; *John E. Tatum* Judge; affirmed.

*A. A. McDonald,* for appellant.

*Melbourne M. Martin,* for appellee.

McCULLOCH, C. J. This is an action instituted by appellee against appellant to recover possession of two diamond rings. Appellee is a dealer in jewelry and gems, and he sold the rings in controversy to appellant's husband, R. W. Jones. The sale was on credit, except a small amount paid, and Jones executed two notes for the purchase price of the rings, each of the notes stipulating that the title to the rings was retained by appellee until the purchase price should be paid in full. Neither of these notes has ever been paid. Jones gave the rings to appellant as a wedding present. Appellant and Jones have since separated, and a divorce suit is pending, or was at the time of the trial of this cause below. After the maturity of the notes, and after appellant and Jones separated, appellee instituted an action against Jones to recover possession of the rings, and caused an order of delivery to be issued with a

*capias* clause, which was served, the officer failing to find the property, and Jones gave bond for his appearance, and was released from the writ. On the trial of that cause the court rendered judgment in favor of appellee against Jones on the pleadings, refusing to submit the issues to the jury as to whether or not Jones had possession of the property, either actual or constructive, at the time of the commencement of the action. The court rendered judgment on Jones' bond, but, on appeal to this court, the judgment was reversed and the cause was remanded. *Jones* v. *Keebey,* 159 Ark. 586. Appellee having ascertained that the rings were not in the possession of Jones, he dismissed that action and commenced the present one against appellant. The foregoing facts are undisputed.

The only defense offered by appellant is that appellee waived his retention of title by an election to pursue another remedy and by express agreement entered into with appellant. The basis of this defense is that, while appellee's action against Jones was pending in this court on appeal, appellee entered into an oral agreement with appellant that, if she would hold possession of the rings and not return them to Jones, he (appellee) would permit her to borrow money on the rings, and would look to Jones' bond for settlement of his debt. Appellant testified to that effect, but there was a conflict in the testimony, appellee denying that he made any such agreement with appellant. The court gave an instruction, over appellant's objection, telling the jury that, if it was found that appellee, "when he waived his lien upon the rings, if he did waive it, believed that the bond was for the value of the rings or their return to him, then in that event Keebey would not be bound by such waiver, if it was made." This instruction was erroneous, for, if there was an agreement, otherwise valid, for the relinquishment or waiver of appellee's retention of title, the effect would not be obviated by the fact that appellee believed that his debt was secured by the bond in the

other action. This instruction was, of course, prejudicial, unless we conclude that the undisputed evidence fails to show a valid waiver or relinquishment by appellee of his retention of title.

Our conclusion is that, upon the undisputed evidence, there was no valid relinquishment by appellee of his retention of title. In the first place, it cannot be said that there was any relinquishment or waiver by election to pursue an inconsistent remedy. The prior action against Jones was not an inconsistent remedy, for the reason that it was an action to recover the property or its value. We have often decided that, upon retention by the vendor of title to property sold as security for the payment of the purchase price, an action to recover the price constituted a recognition of the passage of the title of the vendee, and operated as a waiver. *Neal* v. *Cone,* 76 Ark. 273; *Thornton.*v. *Findley,* 97 Ark. 432.

The fact that appellee sued Jones for possession, instead of instituting the action then against appellant, did not constitute an election of remedies so as to preclude him from following the property into the hands of whosoever held possession, and instituting an action therefor.

The question of election of remedies being thus eliminated, it remains only to consider the alleged agreement of appellee to waive his retention of title and look to Jones' bond for settlement of his debt. This agreement constituted a new contract, and must have been based upon some consideration as between the parties. A bare agreement between the parties permitting appellant to borrow money was not binding on appellee. *Ames Iron Works* v. *Richardson,* 55 Ark. 642; *Bell* v. *Old,* 88 Ark. 99. The effect of the agreement might be different if appellant had, pursuant to the agreement, borrowed money from a third party against whom appellee attempted to assert his right to the property. In the present action there are no rights of third parties

involved. The mere agreement on the part of appellant to hold possession of the property and not return it to her husband was not a consideration to support a new agreement with appellee with respect to his relinquishment or retention of title. The effect was merely an agreement to hold possession of the property, which was already in appellant's possession. The erroneous instruction given by the court was therefore harmless, for the reason that appellee was entitled to recover upon the undisputed evidence.

Affirmed.