WATSON v. KEEBEY.

Opinion delivered November 21, 1927.

REPLEVIN—VALIDITY OF BOND.—In an action of replevin in which defendant was arrested, the bond obtained from defendant by duress, by which he agreed to return the property or pay its value, *held* not to sustain a judgment against the surety thereon, as the bond did not comply with Crawford & Moses' Dig., § 8645, providing for a bond conditioned on abiding order of judgment of the court.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; reversed in part.

*W. C. Adamson,* for appellant.

*Melbourne M. Martin,* for appellee.

McHANEY, J. Keebey brought replevin in the Little Rock Municipal Court against Watson, alleging that he was the owner and entitled to the possession of a diamond stud of the value of $130; that the defendant was in possession thereof, and unlawfully detaining the same, and set up the other jurisdictional matters in replevin suits. He further alleged that he believed the diamond stud had been concealed with intent to defeat this action. An order of delivery was issued, commanding the sheriff to take the stud from Watson and deliver the same to Keebey upon his giving bond as required by law, and further directing the sheriff, in the event he could not find said diamond stud, to take the body of said Watson and have him before the court on the return date to answer the claim of plaintiff. The sheriff served the order of delivery, and arrested appellant, not being able to find the property. Appellant executed to the sheriff, with one Johnson as surety, the following bond: "We undertake and are bound to Homer M. Adkins, sheriff of Pulaski County, Arkansas, and P. G. Keebey, plaintiff herein, in the sum of two hundred and sixty and no-hundredths dollars ($260), that the defendant, Walter Watson, shall abide the order and judgment of the court in this action, and that he will deliver to the plaintiff the property sought to be replevied in his complaint, or, in

lieu thereof, will pay to him the value of said property, as the court may direct, if the plaintiff prevails in this action, and that said defendant, Walter Watson, shall render himself amenable to the order of the court, and that he will not depart from said court without exoneration from this bond and the order of the court.''

This bond was prepared by counsel for appellee and delivered to the sheriff, to be signed by appellant and surety satisfactory to the sheriff, before appellant should be released. We think it clearly appears from the evidence that appellant and his surety were required to execute the foregoing bond before his release by the sheriff. The municipal court rendered judgment against appellant for the stone or its value, but refused to render judgment on the bond, and both parties appealed to the circuit court, where the case was tried *de novo,* and a verdict rendered by the jury for the plaintiff for possession of the property, or its value, which was fixed at $80. Thereupon the court entered a judgment in favor of appellee against appellant, and against Johnson, surety on the cross-bond, for possession of the stone or its value, $80, from which comes this appeal.

Appellant contends that, under the statute, § 8645, C. & M. Digest, he was only required to give an appearance bond, and that the bond which he did execute was a bond not only for his appearance, but a forthcoming bond, by which he agreed to return the property or pay its value, and that he was required to execute this bond by duress in order to obtain his release from arrest. Section 8645 of the Digest reads as follows:

"The defendant shall be entitled to be discharged from such arrest at any time before final judgment had in the cause, upon executing to the officer who shall have made such arrest, with the addition of his name of office, a bond in a penalty of at least double the value of the property described, as sworn to in the affidavit, with such security as shall be approved by such officer, conditioned that such defendant shall abide the order and judgment

of the court in such action, and that he will cause special bail to be put in, if the same be required.''

This section has been many times construed by this court. Appellee relies for an affirmance of the case upon *O'Brien* v. *Alford,* 114 Ark. 257, 169 S. W. 774, where a bond identical in form and effect was upheld by this court; but the distinction between this case and that is, that the bond in that case was voluntarily entered into by the defendant, whereas in this case, as above stated, it is shown to have been entered into unwillingly, and under duress or coercion, in order to obtain his release.

In the case of *Daniels* v. *Wagner,* 156 Ark. 198, 245 S. W. 487, this court held that the above section of the statutes only requires a bail bond where the defendant is arrested under a capias attached to the order of delivery, and after analyzing the situation in that case, the court said: ''We conclude therefore that this bond is a bail bond under the provisions of § 8645, Crawford & Moses' Digest, and not a delivery bond under the provisions of § 8649, Crawford & Moses' Digest.'' See also *Jones* v. *Keebey,* 159 Ark. 586, 252 S. W. 591, and *Lane* v. *Alexander,* 168 Ark. 700, 271 S. W. 710.

Since appellee and the officers had no right to demand of appellant a bond other and different from that prescribed by the above section of the Digest, the defendant being in custody under the capias, and since we have concluded that the execution of the bond in this case was procured by duress, we think the court was in error in rendering judgment against the surety on the bond. For this error the case will have to be reversed. It is so ordered.